## FARMER v. THE STATE.

|100   41|
|119  409|

|100   41|
|130  333|

1. The production of a paper belonging to a wife, and which is in the custody either of herself or her attorney, cannot be compelled for the purpose of using the same as evidence for the State in the trial of a criminal case against her husband by serving a subpœna duces tecum, or other process, either upon the wife or the attorney, or upon both. Under such circumstances, the paper in question is so far inaccessible as that secondary evidence of its contents is admissible.

2. On a trial for the offense of being a common cheat and swindler, alleged to have been committed by making false and fraudulent representations concerning the wealth and commercial respectability of the accused, and thus obtaining the goods of the prosecutor, it is competent for the State to prove that the accused, at or about the same time, made similar representations to another for the purpose of fraudulently obtaining his goods. Evidence of this character is admissible as tending to show a fraudulent intent and scheme on the part of the accused to obtain the property of others without paying for the same, and as warranting an inference that the transaction with the prosecutor in the case on trial was made in pursuance of the same general purpose.

3. While under the ruling of this court in Lamar v. Pearre, 90 Ga. 377, statements contained in an unsworn petition, plea or answer filed in a civil case and signed by counsel only, would, in the trial of another civil case to which the person apparently represented in the former case by such counsel was a party, be admissible as admissions made by such person, such statements would not in a criminal trial of the latter be admissible against him as incriminating admissions, unless it affirmatively appeared that the counsel referred to was authorized to represent him in the civil case and also authorized to make in his behalf the particular statements in question. The rule laid down in the above cited case is not applicable to criminal cases.

4. Except as to the errors committed in admitting in evidence against the accused certified portions of the equitable petition filed against him and of what purported to be his answer to the same, and in charging thereon, no cause for a new trial appears.

Argued December 7,—Decided December 17, 1896.

Accusation of cheating and swindling. Before Judge Berry. Criminal court of Atlanta. September term, 1896.

*Clarence Wilson, J. D. Rambo* and *Anderson, Felder & Davis,* for plaintiff in error.    *J. F. O'Neill, solicitor,. Glenn & Rountree* and *J. A. Noyes,* contra.

SIMMONS, Chief Justice.

Farmer was convicted of the offense of being a common cheat and swindler, alleged to have been committed by making false and fraudulent representations concerning his wealth and commercial respectability and thus obtaining the goods of the prosecutor; and to the overruling of his motion for a new trial he excepted.

1. It is complained that the court erred in this: Counsel for the State, wishing to obtain possession of a bill of sale given by the accused to his wife, and of a note and mortgage executed by him to another person, served upon her a subpoena duces tecum directing her to bring these papers into court; and no response having been made, obtained from the court, over the objection of counsel for the accused, an attachment requiring her to produce the papers or "make answer under oath refusing to produce them on the ground that she was not compellable to do so." She made a response to the effect that the papers called for were in the possession of her attorney, and that she would not produce them if she had them.    The court, over the objection of counsel for the accused, received the response and admitted secondary evidence as to the contents of the papers, holding that the service of the subpoena duces tecum and the refusal of the wife of the accused to produce the papers laid a sufficient foundation for the introduction of such evidence. Before this evidence was received, counsel for the accused admitted in his place that the papers referred to had been entrusted by the wife to her attorney, and were then in the attorney's possession.    The rule that a wife is not competent or compellable to testify on the trial of her husband would preclude the court from compelling the production of the papers from her by subpoena duces tecum or otherwise; and.

they are equally protected while in the custody of her attorney, whose possession of them is to be regarded as her own. (Penal Code, §1011; Civil Code, §§5198, 5199; *Wilkerson v. The State*, 91 *Ga.* 729, 737 (2); *Stanford v. Murphy*, 63 *Ga.* 411.) Under such circumstances the papers are so far inaccessible as that secondary evidence of their contents is admissible. Whether the court erred in compelling a response by the wife to the subpœna duces tecum, and in holding that her response could be considered for the purpose of laying the foundation for the introduction of secondary evidence, is, however, of no consequence, since the fact stated by the wife in her response was covered by the admission of counsel for the accused, above stated, which was of itself sufficient to show the inaccessibility of the papers.

2. It is further complained that the court erred in admitting the testimony of the witness Stovall, to the effect that, about the same time that the alleged misrepresentations which were the basis of this prosecution were made by the accused, similar representations were made by him to the witness. The objection made to this testimony was that there was no connection between the representations of the accused to Stovall, and those alleged to have been made by him to the prosecutor, the representations to Stovall not having been communicated to the prosecutor when his firm extended credit to the accused. The testimony was offered and admitted as tending to illustrate the intent of the accused in the transaction for which he was then being tried; and for this purpose we think it was properly received. While it is a general rule that upon the trial of a person for a criminal offense, other and distinct criminal transactions cannot be given in evidence against him, yet, according to the weight of authority, evidence of other representations or transactions may be received, as tending to show motive or intent, when the transactions are so connected in time and so similar in their other relations that:

the same motive may reasonably be imputed to all.   See
1 Jones, Ev. §143, and cases cited; 1 Greenleaf, Ev. (15
ed.) §53 and notes; Wharton, Crim. Ev. §53; 1 Bishop,
New Crim. Proced. §§1126, 1127; 2 Id. §189.   Justice
Story states the principle thus: "In all cases where the guilt
of the party depends upon the intent, purpose or design
with which an act is done, or upon his guilty knowledge,
I understand it to be a general rule that collateral facts
may be examined into in which he bore a part, for the pur-
pose of establishing a guilty intent.   In short, whenever the
intent or guilty knowledge of a party is a material ingre-
dient in the issue of a case, these collateral facts, that
is, other acts and declarations of a similar character tend-
ing to establish such intent or knowledge, are proper evi-
dence.   In many cases of fraud it would be otherwise
impossible satisfactorily to establish the true nature and
character of the act."    (Bottomby *v.* United States, 1
Story's Rep. 135.)   A well considered case in which the
question is discussed at length, and authorities bearing
upon it reviewed, is that of Trogdon *v.* Commonwealth,
31 Grattan (Va.), 862.   In that case it is said:   "Upon
a prosecution for obtaining goods by false pretenses the
indictment must aver the fraudulent intent, and the
commonwealth must prove it.    It is the very gist of the
offense....It is not sufficient that the accused knowingly
states what is false.    It must be shown that his intent
was to defraud.    Such intent is not a presumption of law,
but a matter of fact for the jury.    Being a secret operation
of the mind it can only be ascertained by the acts and repre-
sentations of the party.    A single act or representation in
many cases would not be decisive, especially where the ac-
cused has sustained a previous good character.    But when
it is shown that he made similar representations about the
same time to other persons, and by means of such represen-
tations obtained goods, all of which were false, the pre-
sumption is greatly strengthened that he intended to de-

fraud." See, among other cases on this subject: Regina
v. Francis, 2 C. C. R. 128, 12 Cox's Crim. Cases, 612;
Wood v. United States, 16 Peters, 342; Commonwealth v.
Jeffries, 7 Allen, 548; Commonwealth v. Eastman, 1 Cush.
189, 48 Am. Dec. 596; Commonwealth v. Coe, 115 Mass.
481; Mayer v. People, 80 N. Y. 364; People v. Shulman,
Id. 373; State v. Walton, 114 N. C. 783; State v. Myers,
82 Mo. 558; State v. Bayne, 88 Mo. 604; State v. Rivers,
58 Iowa, 102; Rafferty v. The State, 91 Tenn. 655. See
note to Strong v. The State, 44 Am. Rep. 292.

3. For the purpose of showing certain admissions by the
accused, counsel for the State offered, and the court over
the objection of counsel for the accused admitted in evi-
dence, extracts from a creditor's petition against the ac-
cused, and portions of an answer thereto, not sworn to nor
signed by the defendant, but signed by certain persons as
his attorneys. No evidence was offered tending show that
these persons were in fact his attorneys and filed the answer
by his direction, or that he was cognizant of the statements
contained in it; and it was objected that it was illegal to
admit the same in evidence without proof that it was au-
thorized by him. The court, in charging the jury, stated
the purpose for which these portions of the answer were
admitted, and that it was for the jury to say what was shown
by this evidence. The action of the court in allowing the
introduction of this matter, and in thus instructing the
jury, is complained of in the motion for a new trial.
Under the ruling of this court in *Lamar* v. *Pearre*, 90 *Ga.*
377, statements contained in a petition, plea or answer
filed in a civil case, and signed by counsel, though not veri-
fied or signed by the person apparently represented by such
counsel, would be admissible against him in the trial of
another civil case to which such person was a party. That
ruling, however, is not applicable to criminal cases. Ad-
missions by agents or attorneys are not admissible in crimi-
nal cases in the sense in which they are admissible in civil

cases. Roscoe, Crim. Ev. 53; 3 Am. & Eng. Enc. of Law, 490. They should not be treated as evidence against the accused unless shown to have been authorized by him. The error of the court in this respect entitles the accused to a new trial. No cause for a new trial appears from any of the other grounds of the motion.

*Judgment reversed.*