### GAY *v.* THE STATE.

It is not, in the trial of an indictment for one offense, competent for the State to prove the previous conviction of the accused of another and entirely different offense ; and this is so though a fact necessarily established by that conviction was one relevant to the case on trial.

Submitted March 17, — Decided March 26, 1902.

Indictment for stabbing. Before Judge Bower. City court of Bainbridge. January 20, 1902.

*W. D. Sheffield,* by *Z. D. Harrison,* for plaintiff in error.
*Albert H. Russell, solicitor,* contra.

LUMPKIN, P. J. The plaintiff in error was, in the city court of Bainbridge, convicted of the offense of stabbing, and by his bill of exceptions assigns error upon the overruling of a motion for a new trial. The case as here presented turns upon the question dealt with in the headnote. The court, over the objection of counsel for the accused, allowed the State to prove that he had, previously to the trial then in progress, been convicted of the offense of trespass in going upon the land where the alleged stabbing took place. It is true that in the case under investigation it was material to inquire whether the accused was rightfully or wrongfully on those premises at the time in question, and undoubtedly it would have been proper to admit any competent evidence illustrating this issue. It was not, however, permissible to introduce against the accused the record of his

conviction in the trespass case. He was not bound thereby except in so far as related to the particular charge therein made against him. That record had no evidentiary value whatever in the case on trial. While, as already remarked, it was perfectly proper for the State to prove that at the time of the alleged stabbing the accused was unlawfully trespassing upon the premises where it occurred, this should have been done by original evidence, and not by showing the result of another and distinct trial which in no sense adjudicated any issue between the State and the accused arising out of the prosecution for stabbing. The correctness of what is above laid down is too obvious and too well settled, both upon principle and authority, to require further discussion.

*Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., absent.*