## 1034.  JONES v. THE STATE.

HILL, C. J.  1. Whether the explanation which the accused makes of his possession of property recently stolen is sufficient to rebut the inference of guilt arising from such possession is a question to be determined solely by the jury.

2. No error of law is complained of, and the verdict approved by the trial court will not be disturbed.     *Judgment affirmed.*

Accusation of larceny, from city court of Macon—Judge Hodges. February 3, 1908.

Argued March 31,—Decided April 22, 1908.

*Augustin Daly,* for plaintiff in error.

*William Brunson, solicitor-general, Roland Ellis,* contra.

---

## 1037.  BOYD v. THE STATE.

POWELL, J.  1. Where an indictment for burglary alleges, as the purpose of the breaking, the intent to commit a larceny, no description, value, or ownership of any goods intended to be stolen need be alleged.  *Tarver* v. *State,* 95 *Ga.* 223 (21 S. E. 381) ; *Kidd* v. *State,* 101 *Ga.* 528 (28 S. E. 990) ; *Lanier* v. *State,* 76 *Ga.* 304; *Berry* v. *State,* 124 *Ga.* 825 (53 S. E. 616).

2. Where one person rents a house and uses it as a dwelling, but allows a room therein to be occupied by a boarder or lodger, and this room is burglarized, the ownership of the house, in an indictment for burglary, may be alleged either in the general or in the special occupant.
     *Judgment affirmed.*

Indictment for burglary, from Terrell superior court—Judge Worrill.  February 8, 1908.

Submitted March 31,—Decided April 22, 1908.

*M. C. Edwards,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold, J. B. Ridley,* contra.