## MERRITT *v.* THE STATE.

No. 7216. JULY 10, 1929. REHEARING DENIED JULY 20, 1929.

*H. A. Allen, J. C. Miner,* and *W. A. Covington,* for plaintiff in error.

*George M. Napier,* attorney-general, *John A. Boykin,* solicitor-general, *T. R. Gress,* assistant attorney-general, *J. W. LeCraw, John H. Hudson,* and *E. A. Stephens,* contra.

GILBERT, J. Merritt was convicted of rape. He excepted to the denial of a new trial. His motion therefor contains the gen-

eral grounds and a number of special grounds. None of the headnotes suggests the need of elaboration, save the first. In several grounds of the motion error is assigned on the admission of evidence as to "separate and distinct crimes," and on the charge of the court concerning said testimony. In the case of *Williams* v. *State,* 152 *Ga.* 498, 521 (110 S. E. 286), Chief Justice Fish said, speaking for the court: "The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that from which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible; but to this rule there are several exceptions. Among them is the admissibility of evidence showing or tending to show the commission of crimes other than that for which the accused is on trial, for the purpose of showing motive, plan, or scheme." The subject now before the court was there considered, and the excerpt quoted expresses the view of all the Justices and is a binding decision.

In addition to the female named in the indictment, two others were sworn as witnesses, and they testified to crimes committed by Merritt. The manner of committing the crimes, the location, the circumstances, are all such as to authorize a jury to believe that all were committed by the same man. Merritt was identified as that man. All were in the same neighborhood; two of the three acts were committed in the same alley; in each of the three instances the criminal used a pistol and a flashlight; in every instance he first pursued an unnatural method by applying his mouth and tongue to the private parts of the victim, and then performed an act of sexual intercourse; in each instance he demanded or took money; twice he took money, the other victim chanced to have none. In two cases the victims were alone in their automobiles when Merritt jumped in and pressed his pistol to their bodies, demanding that they keep silent and drive as he directed. In each of these two cases he directed them into the same obscure alley, and forced them from the front to the back seat, where the fiendish act was performed. Under these circumstances the evidence showed a general connected plan or scheme, and was admissible to identify the defendant as the perpetrator of the crime for which he was on trial. All cases cited by plaintiff in error have been

carefully considered, and none requires a different ruling. In some the facts were widely different. Some were decisions by a divided court. *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

RUSSELL, C. J. In concurring in the judgment of affirmance I do not wish to be understood as at all agreeing to the proposition that a trial judge can permit the introduction of additional evidence after the jury have been charged and have retired to their room to consider their verdict. Many reasons suggest themselves why this would tend to infringe upon the right of a trial under the due and orderly processes of the law. In some instances new facts might be introduced as to which no instructions had been given in the charge of the court, and in every case the party would be deprived of the benefit of having his counsel argue the effect of the newly introduced evidence.