24670. WILLIAMS *v.* THE STATE.

DECIDED MAY 24, 1935.

*Bob Humphreys,* for plaintiff in error.

*Paul D. Leverette, solicitor,* contra.

MacINTYRE, J. The accusation against Lonnie Williams alleged that he "did unlawfully and maliciously maim and kill one certain black and white spotted gilt hog, the property of J. D. Grubbs, by then and there shooting the same with a gun."

The testimony for the State in effect tends to show that the hog, not doing or attempting to do any harm to person or property, was by the defendant deliberately shot with a shotgun and killed. The testimony of the defendant's witnesses and the defendant's statement were to the effect that he did not shoot or kill the hog. The State introduced, over objection, evidence of an accusation and conviction of the defendant of another crime of maiming and killing a hog at a different place belonging to another prosecutor, and at another time (the time not appearing in the record). So far as the record shows, the other crime had no connection with the crime charged. It can not be said under the testimony that the two crimes were a part of a general or composite transaction; nor does it come under the exception to the general rule that similar acts may be proved as bearing upon fraudulent intent or guilty knowledge. If the defendant shot and killed the hog, the unlawful intent was presumed, and it does not require proof of other similar acts to give it character. *Mosely* v. *State,* 28 *Ga.* 190. We think the evidence complained of was a distinct and independent crime, and was not admissible for the reason that there was no logical connection between the other crime and the crime charged from which it could be said that the proof of the one tends to establish the other. In short, the evidence was objectionable as coming within the general rule stated in the headnote, and not within any

of the exceptions. *Booth* v. *State,* 160 *Ga.* 271 (127 S. E. 733);
*Wilson* v. *State,* 173 *Ga.* 275, 284 (160 S. E. 319); *Gay* v. *State,*
115 *Ga.* 204 (41 S. E. 685); State *v.* Roscum, 119 Iowa 330, 335
(93 N. W. 295).

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I think that the other accusation
and the entries thereon, disclosing that the defendant, at the same
term of court, had been convicted of a similar offense, was evidence
tending to show the intent and motive of the defendant in this case
and was properly admitted. See *Frank* v. *State,* 141 *Ga.* 243 (80
S. E. 1016).