## GOODMAN *v.* THE STATE.

BELL, Justice. 1. "As a general rule, evidence of the commission of one crime is not admissible upon the trial for another, where the sole purpose is to show that the defendant has been guilty of other crimes, and would, therefore, be more liable to commit the offense charged; but if the evidence is material and relevant to the issue on trial, it is not inadmissible because it may also tend to establish the defendant's guilt of a crime other than the one charged." *Frank* v. *State,* 141 *Ga.* 243 (2, *b*) (80 S. E. 1016); *Hall* v. *State,* 7 *Ga. App.* 115 (6) (66 S. E. 390).

2. In the present case, the evidence to which objection was made tended to show that the gun with which the defendant killed the deceased was stolen by him an hour or so previously, and was admissible for the purpose of showing premeditation and malice. Being relevant for this purpose, the court did not err in allowing its introduction over objection that it placed the defendant's character in issue, and was prejudicial and inadmissible as tending to prove the commission by defendant of a separate and distinct crime, "not a similar transaction or similar offense." *Cox* v. *State,* 165 *Ga.* 145 (139 S. E. 861); *Wilson* v. *State,* 173 *Ga.* 275 (2) (160 S. E. 319).

3. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 11660. APRIL 15, 1937.

*J. B. McCurdy* and *J. R. Venable,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Claude C. Smith, solicitor-general, B. D. Murphy,* and *E. J. Clower,* contra.