27972. ROBINSON *v.* THE STATE.

DECIDED MARCH 6, 1940.   REHEARING DENIED MARCH 23, 1940.

*H. C. Denton, W. O. Slate,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.

GUERRY, J.  Robinson was jointly indicted with English and Bowers for the offense of burglary.  His separate trial resulted in a verdict of guilty.  The offense was alleged to have been committed on December 5, 1938.  The defendant complains that at the beginning of its evidence the State offered a certified copy of an indictment against the defendant in Fulton superior court charging him with the offense of burglary, together with a plea of guilty entered thereon.  This indictment was returned at the August term, 1936, of Fulton superior court, together with evidence that the defendant was the person charged in said indictment, and was he who had entered a plea of guilty thereto.  This evidence was objected to on the ground that it placed the defendant's character in issue before the defendant had himself done so, that it was immaterial, irrelevant, and highly prejudicial, and that such evidence of a previous crime did not illustrate any motive or intent on the part of the defendant to commit the crime involved in the present proceeding.

We know of no better rule applicable to the case at bar and similar cases than that laid down by Judge Cobb in *Cawthon* v. *State,* supra, and followed in numerous decisions, including that of Judge Hines in *Cox* v. *State,* supra. See also *Williams* v. *State,* 51 *Ga. App.* 319 (180 S. E. 369) ; *Loughridge* v. *State,* 181 *Ga.* 261 (182 S. E. 12) ; *Goodman* v. *State,* 184 *Ga.* 315 (191 S. E. 117) ; *Lanier* v. *State,* 187 *Ga.* 534, 542 (1 S. E. 2d, 405). We requote for emphasis from *Cox* v. *State,* supra: "When one is on trial charged with the commission of a crime, proof of a distinct, independent, and separate offense is never admissible, *unless* there is some logical connection between the two, from which it can be said that *proof of the one tends to establish the other."* (Italics ours.) Quoting further, but from *Cawthon* v. *State,* supra, "While· this rule is general and subject to *few* exceptions, still there are some exceptions; as when the extraneous crime forms part  of the res gestæ; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged. . .  In order to justify the admission of evidence relating to an independent crime committed by the accused, it is absolutely essential that there should be evidence establishing the fact that the independent crime was committed by the accused, and *satisfactorily connecting that crime with the offense for which the accused is indicted.* Even if the evidence establishes the comission by the accused of the independent offense, it is *inadmissible* until it be shown satisfactorily that that crime had some connection with the transaction then under investigation." (Italics ours.)

There is nothing in the evidence to show any connection between the crime of burglary committed by the defendant in Fulton County in August, 1936, and the crime he is alleged to have committed in DeKalb County in December, 1938. Both were burglaries; there the connection ends. The only connection the one might have with the other is that the defendant had once before committed a burglary and was therefore of such a character that he might again commit the same ·class of crime. Let us compare the

exceptions laid down by the Supreme Court in the *Cawthon* case, supra, and determine whether the facts of the instant case bring it within those exceptions. The crime here alleged certainly was not a part of the res gestæ of the burglary committed in Fulton County in 1936, neither are the two crimes mutually interdependent, nor is the Fulton County burglary evidence of guilty knowledge of the alleged crime committed in DeKalb County two years afterward, neither does it bear on the identity of the accused or the articles connected with the offense, and certainly it is not evidence that the accused had attempted to burglarize the same property, nor does it illustrate malice, intent, motive, or the like. We can see absolutely no logical connection between the crime of burglary committed in Fulton County in 1936 and the alleged crime here charged committed in December, 1938, unless the effect of the evidence be to show that the defendant was of such a character that he would more likely commit such a crime. The State, however, is not allowed to attack the defendant's character unless he himself first puts it in issue, and there was and has been no evidence which put in issue the defendant's character. We think the decisions we have quoted are still controlling as they have never been modified or overruled by the Supreme Court of this State. Applying the principles they lay down, it was error for the court to permit the evidence objected to to go to the jury.

The exceptions assigning error on the charge on confessions are not well taken. The State alleged and proved a burglary. The law of conspiracy was involved, and the alleged confession of the defendant might easily have been construed as a plenary confession as to the fact of the conspiracy. The defendant admitted that he and those jointly indicted with him formed the intention at another place to burglarize a certain group of stores, went out to the store for that express purpose, and was found by the police at 12:30 at night in front of the very store which one of his fellow conspirators entered and burglarized.

It is unnecessary to consider the remaining assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I think that, under numerous and repeated decisions of the Supreme Court and of this court, a certified

copy of an indictment against the defendant, in the superior court of Fulton County, charging him with the offense of burglary, and showing a plea of guilty thereon, was admissible to show his motive and intent in the instant case, he having been arrested near the scene of the burglary and denying any participation therein. See *Lee* v. *State, 8 Ga. App.* 413 (3) (69 S. E. 310).