### BARKLEY *v*. THE STATE.

BELL, Justice.   1. The evidence authorized the conviction of rape.

2. "Evidence of the commission of one crime is not admissible on the trial of the defendant for another crime, where the sole purpose is to show that the defendant is guilty of such other crime; but such evidence is admissible where there is some logical connection between the two from which it can be said that the proof of the one tends to establish the other." *Wilson* v. *State*, 173 *Ga.* 275 (2) (160 S. E. 319). In the instant case, evidence that the defendant and another man, acting in concert, had committed the offense of rape on other females in the same vicinity within a period of about a month, and in so doing had surprised and overcome their victims by the same general method, was admissible for the purpose of showing general plan or scheme, and to identify the defendant as the perpetrator of the crime for which he was being tried. The evidence formed an exception to the general rule as to proof of other crimes. and was not subject to objection on the ground that it related to separate and distinct offenses, was irrelevant and prejudicial, and placed the defendant's character in issue. *Frank* v.

*State*, 141 *Ga*. 243 (2) (80 S. E. 1016); *Williams* v. *State*, 152 *Ga*. 498 (110 S. E. 286); *Merritt* v. *State*, 168 *Ga*. 753 (149 S. E. 46); *Suber* v. *State*, 176 *Ga*. 525 (168 S. E. 585); *White* v. *State*, 177 *Ga*. 115 (3) (169 S. E. 499); *Cooper* v. *State*, 182 *Ga*. 42 (3) (184 S. E. 716, 104 A. L. R. 1309); *Sisk* v. *State*, 182 *Ga*. 448 (185 S. E. 777); *Melton* v. *State*, 184 *Ga*. 343 (191 S. E. 91). This conclusion is not opposed to the rulings in *Cox* v. *State*, 165 *Ga*. 145 (138 S. E. 861), *Robinson* v. *State*, 62 *Ga*. *App*. 355 (7 S. E. 2d, 758), and other cases cited for the plaintiff in error, where under different facts it was held that evidence of other crimes was improperly admitted.

3. An objection to testimony "on the ground any so-called confession or admission on the part of this defendant is inadmissible on the ground that the State has not laid the proper foundation for it" was too indefinite to raise any question as to admissibility of the evidence. "The objecting party should have indicated what foundation, under the circumstances, should have been laid." *Freeman* v. *Young*, 147 *Ga*. 699 (3 a) (95 S. E. 236).

4. Where the judge fully and clearly charged the jury on presumption of innocence and reasonable doubt, instructing them in effect that if after considering all the facts and circumstances shown by the evidence, taken in connection with the defendant's statement, they should have a reasonable doubt of the defendant's guilt, it would be their duty to give the defendant the benefit of such doubt and acquit him, such charge sufficiently informed the jury that the burden was on the State to prove the defendant's guilt beyond a reasonable doubt, and in the absence of a request there was no error in omitting to charge more fully on the burden of proof. *Thomas* v. *State*, 129 *Ga*. 419 (4) (59 S. E. 246); *Speed* v. *State*, 176 *Ga*. 751 (5) (168 S. E. 891).

5. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 13260. July 13, 1940.

*Russell G. Turner*, for plaintiff in error.

*Ellis G. Arnall*, attorney-general, *John A. Boykin*, solicitor-general, *J. W. LeCraw, E. A. Stephens, Quincy O. Arnold, Duke Davis* and *C. E. Gregory Jr.*, assistant attorneys-general, contra.