## THE TERRITORY OF HAWAII
## v. CARL COLUMBUS HAMILTON.

### No. 2644.

ARGUED OCTOBER 10, 1950.                    DECIDED OCTOBER 24, 1950.

LE BARON AND TOWSE, JJ., AND CIRCUIT JUDGE WIIG
SUBSTITUTING FOR KEMP, C. J., RETIRED.

OPINION OF THE COURT BY LE BARON, J.

The defendant was charged by indictment with the crime of rape. He pleaded not guilty and on trial by jury interposed the defense of alibi. The jury within the authority of statute (R. L. H. 1945, § 11679, see § 10839) returned a verdict of guilty of assault with intent to commit rape.

An appeal by writ of error has been perfected. It specifies ten assignments of error, of which the defendant abandons one and relies on nine. Briefly, such nine specifications allege error (1) in the admission of evidence, (2 to 8 inclusive) in the giving or refusing to give instructions and (9) in the rendition of the verdict on the ground that it is contrary to the law, the evidence and the weight of the evidence because "there was not competent evidence to establish, beyond a reasonable doubt, that the defendant

was guilty of an assault with intent to commit the crime of rape."

The ninth and last specification, presenting the question of sufficiency in the evidence to support the verdict, will be considered first. On reviewing the record, this court finds substantial evidence warranting a jury to find as a matter of fact that the defendant, wearing the uniform of a merchant marine officer, on July 29, 1946, entered by stealth in the night time the semi-darkened bedroom of the prosecutrix while she was alone and asleep, and shone a searchlight on her face which wakened her; that he immediately grabbed her throat and threatened to kill her if she made any outcry or resisted him; that he then forcibly held a pillow on her face, lifted up her dress, forced her legs apart and had sexual intercourse with her. Without more, such finding by this court demonstrates that the evidence proves or tends to prove all the elements of the offense of assault with intent to commit rape, if not those of the crime of rape charged in the indictment, and as a matter of law is more than sufficient to support the verdict. The ninth specification is, therefore, without merit.

The first specification alleges error dealing with the cross-examination of the defendant concerning convictions in the State of California and with the admission on rebuttal of testimony concerning facts and circumstances surrounding prior offenses in the Territory. But the' alleged error relative to prior convictions in California was not "made the subject of an exception noted at the time it was committed" and therefore is precluded by statute from being considered on writ of error by this court as a ground for reversal. (R. L. H. 1945, § 9564. See *Ter.* v. *Gagarin,* 36 Haw. 1; *Territory* v. *Chong,* 36 Haw. 537.) Hence there remains to be considered of the specification merely the alleged error relative to prior offenses in the Territory, that error being properly preserved for appellate review.

The defendant admitted on cross-examination that on June 30, 1944, he was convicted in the Territory of the offense of impersonating a naval intelligence officer and that such offense "involved a girl." He further admitted thereon that on May 26, 1945, he was convicted in the Territory of the offense of trespass and that such offense occurred in the night time. But he denied that the impersonation was accompanied by threats for the purpose of frightening a woman into submitting to sexual intercourse with him, and also denied that the trespass was committed while peeping into a woman's bedroom window. As a part of his defense of alibi under the issue of identity, he further denied that he had been in the neighborhood of the crime charged at the time of its commission on April 29, 1946, or at any previous time since his arrival in the Territory in April of 1944. The rebuttal testimony in question, however, countered the denials of the defendant. That testimony tends to show that such threats did accompany the impersonation and that such peeping was a concomitant of the trespass which occurred in the neighborhood where the crime charged was committed. The conduct of the defendant in the two offenses was thus shown to be comparable to that in the crime charged, and those offenses each to have a common *modus operandi* with it. Illustrative thereof, the prior trespass at night by stealth in violation of a woman's privacy of bedroom and the prior impersonation of a naval officer, coupled with threats against a lone woman in order to frighten her into submitting to sexual intercourse as shown by the testimony, constitute substantially the same course of criminal acts initially committed by the defendant while dressed as a naval officer within the bedroom of the prosecutrix, to which she testified as occurring before the defendant raped her. Such a showing as to the circumstances and manner of committing both offenses, as well as to the location of one, tends to rebut the defense of alibi.

It is evident therefrom that the prior offenses have a logical connection to the crime charged in tending to establish the defendant's identity as the perpetrator of that crime and in throwing light upon his motive for being present in the bedroom of the prosecutrix at the time of its commission. Such being the probative effect, the testimony was admissible for the purposes of identification and of showing the plan, scheme, or bent of mind of the defendant as a part of the Territory's case in prosecuting him for the crime charged (see *Johnson* v. *State,* 242 Ala. 278, 5 So. [2d] 632; *Merritt* v. *State,* 168 Ga. 753, 149 S. E. 46; *Suber* v. *State,* 176 Ga. 525, 168 S. E. 585; *Barkley* v. *State,* 190 Ga. 641, 10 S. E. [2d] 32; *Andrews* v. *State,* 196 Ga. 84, 26 S. E. [2d] 263), even though it also proved separate and distinct offenses, the admissibility thereof coming within the well-recognized exception to the general rule that prior offenses are inadmissible to prove a subsequent crime. (See *Territory* v. *Caminos,* 38 Haw. 628; *Daniels* v. *State,* 243 Ala. 675, 11 So. [2d] 756; *Robinson* v. *State,* 243 Ala. 684, 11 So. [2d] 732. Also 20 Am. Jur. 289, § 310, for collection of authorities.) The first specification is, therefore, without merit.

The second and fourth specifications allege error in the giving of instructions which state the statutory definition of an attempt to commit an offense and that of an assault and battery. The third specification alleges error in giving an instruction which applies the former definition to a person charged with a felony. The alleged error under these specifications is predicated by the defendant on the assumption that there is no evidence in the record warranting a jury to find the defendant guilty of an attempt to commit rape or of an assault and battery. But the probative effect of the substantial evidence to which this court has already alluded in considering the ninth specification is to the contrary. That evidence tends to prove that the

defendant committed rape within the statutory definition thereof. (See R. L. H. 1945, § 11678.) It also tends to prove that in anticipation of committing rape he committed acts "done towards committing and in part execution of the intent to commit the same [rape]" as well as acts constituting a "malicious and forcible infliction of a corporal injury on another, without authority or justification by law" within the statutory definition of an attempt to commit an offense and that of an assault and battery, respectively. (R. L. H. 1945, §§ 10610, 11051.) There is thus evidence in the record to warrant a jury as a matter of law to find the defendant guilty of rape, attempt to commit rape or assault and battery. Consequently, the giving of instructions on those two latter subjects was proper and in the light of the jury's subsequent rejection of the defense of alibi became a "matter held for the benefit of the plaintiff in error" so as to preclude the alleged error thereto from being a ground of reversal. (R. L. H. 1945, § 9564.) From this state of the record, it is patent that the alleged error to the giving of such instructions is predicated on an erroneous assumption and that the second, third and fourth specifications are without merit.

At this juncture it is pertinent to note that the defendant in oral argument contends that an error appears on the record to the effect that the trial judge erred in not giving an instruction applying the statutory definition of an assault with intent to commit rape, as given, to a person charged with rape, after he had instructed the jury on the application of the statutory definition of an attempt to commit an offense, as given, to a person charged with a felony. But the error is not one "appearing on the record" within the authority of this court to correct under the statute (R. L. H. 1945, § 9564) where as here it does not appear that the trial judge refused to give such an instruction or that he was even requested to give it. Nevertheless,

assuming but not deciding that such error may be susceptible to appellate correction, it was not raised or preserved below nor is it the subject of any specification of error before this court. It therefore cannot be properly raised for the first time on appeal or considered on appellate review.

The sixth and seventh specifications allege error in the refusal to give instructions on the subject of the degree of force and resistance necessary to constitute rape. That subject, however, as well as the definition of the crime of rape, was fully covered by other instructions given to the jury and any error of refusal to further instruct thereon, if found, would be rendered harmless by the result of the verdict in finding the defendant guilty of a lesser crime than rape. The sixth and seventh specifications thus have no merit.

The fifth specification alleges error in the giving of an instruction that one of five verdicts may be rendered, *i. e.,* (1) guilty as charged, (2) guilty of attempt to commit rape, (3) guilty of assault with attempt to commit rape, (4) guilty of assault and battery and (5) not guilty. This specification is devoid of merit, there being in the record substantial evidence as a matter of law to warrant the giving of that instruction and to support the rendering of any one of those verdicts.

Judgment affirmed.

*R. R. Kemble* (also on the brief) for plaintiff in error.

*C. M. Hite,* Public Prosecutor, and *A. R. Hawkins,* Assistant Public Prosecutor (also on the brief) for defendant in error.