## 33691.   BACON *v.* THE STATE.

Decided February 27, 1952—Rehearing denied March 13, 1952.

*Joseph B. Cramer,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Kirk McAlpin,* contra.

MacIntyre, P.J. (After stating the foregoing facts.) ■ ■ The first ground of the amended motion for a new trial contends that the State failed to prove the elements of burglary, in that it failed to show a breaking and entering of the house of the prosecuting witness. It is true that there was no evidence as to whether the exit door from the second floor opening onto the street was open or closed, locked or unlocked. There was, however, undisputed evidence that the lodgings of the witness were on a part of the second floor, which was divided between several families, and that these lodgings were broken and entered, an attempt being made to jimmy the door, and the window which gave to the porch opening onto the hall having been broken. The room which was broken into was the particular living quarters of the witness, and was kept locked from the rest of the house, including the hall and stairway which was shared by other tenants and their guests and invitees. As stated in *Daniels* v. *State,* 78 *Ga.* 98, 101: "It is well settled, by a number of cases, that where a party is indicted for breaking and entering an outhouse within the curtilage or protection of a mansion or dwelling, the burglary should be laid as having been done in the dwelling house. 1 Wharton's Cr. L. § 815 and citations. If this be true as to an outhouse . . a fortiori would it be so as to an apartment in the house, a party's place of business in which his goods, wares, etc. were stored or contained, and which was broken and entered with an intent to commit a larceny upon the articles of value therein contained." It was held in *Boyd* v. *State,* 4 *Ga. App.* 273 (61 S. E. 134) that, where a rented room of a boarder or lodger is burglarized, ownership may be laid in either the general or special occupant. Keeping these constructions of Code § 26-2401, defining burglary, in mind, it is obvious that the sentence, "A hired room or apartment in a public tavern, inn or boarding house shall be considered as the dwelling house of the person occupying or hiring the same," is broad enough to cover a "rooming house" as well as a "board-

ing house," and the mere fact that the witness failed to serve meals to his lodgers would not in itself prevent the breaking and entering of his room from constituting a burglary. The first ground of the amended motion is without merit.

■ For the reason above set out, the part of the charge that, "if this man broke and entered the room of this other man used as his residence, coming up the steps, he would be just as guilty of burglary as if he had opened the bottom door downstairs to come in," is a correct statement of the law in this case, and the fourth ground of the amended motion for a new trial is also without merit.

■ The evidence of other transactions committed by the defendant, and objected to in the instant case, was that of other burglaries. In 1 Wharton's Criminal Evidence (10th ed.), 59, § 30, it is said: "A defendant ought not to be convicted of the offense charged against him simply because he has been guilty of another offense. Hence, when such evidence is offered *simply* for the purpose of proving his commission of the offense on trial, evidence of his participation, either in act or design, in commission or preparation, in other independent crimes, cannot be received. This rule obtains strictly, however, only where proof is offered of such independent offense to show that by reason of such independent offense the accused is more likely to have committed the one for which he is on trial. The rule is that evidence of such collateral offense must never be received as *substantive evidence* of the offense on trial; and it extends to the proof of the accusation of another crime, as well as to evidence of its actual commission." It seems to us that the Supreme Court of Georgia has adopted essentially the same general rule as that stated above by Wharton. In *Goodman* v. *State*, 184 *Ga.* 315 (191 S. E. 117), quoting from *Frank* v. *State*, 141 *Ga.* 243 (80 S. E. 1016), it is said: " 'As a general rule, evidence of the commission of one crime is not admissible upon the trial for another, where the *sole* purpose is to show that the defendant has been guilty of other crimes, and would, therefore, be more liable to commit the offense charged; but if the evidence is material and relevant to the issue on trial, it is not inadmissible because it may also tend to establish the defendant's guilt of a crime other than the one charged.' " (Italics ours.) And the court in that case held that

the evidence of another crime, there objected to, was admissible as coming within one of the exceptions to the general rule.

On the subject of the various exceptions to the general rule, Wharton (ibid., pp. 59, 60, § 31) has this to say: "Certain exceptions exist, however, to the rule just stated [the general rule]. These exceptions fall under the following general divisions: (1) Relevancy as part of *res gestae*. (2) Relevancy to prove identity of person or of crime. (3) Relevancy to prove scienter, or guilty knowledge. (4) Relevancy to prove intent. (5) Relevancy to show motive. (6) Relevancy to prove system. (7) Relevancy to prove malice. (8) Relevancy to rebut special defenses. (9) Relevancy in various particular crimes. It is recognized that in many instances the line of demarcation is not clear, but the discretion vested in the trial judge, intelligently and considerately exercised, will enable the prosecution fully to present the charge, on the one hand, and, on the other hand to protect the accused and secure to him the rights guaranteed to him by the constitution and the laws." In *Cox* v. *State,* 165 *Ga.* 145 (139 S. E. 861), the Supreme Court recognized essentially the same exceptions to the general rule as those stated above by Wharton when that court stated: "When one is on trial charged with the commission of a crime, proof of a distinct, independent and separate offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. This is the general rule, but there are some exceptions to it; as when the extraneous crime forms part of the res gestae; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged." The court in that case held that, under the facts of that case, the evidence of other crimes sought to be introduced did not come within any of the exceptions and was, therefore, inadmissible.

In *Wilson* v. *State,* 173 *Ga.* 275, 284 (160 S. E. 319), cited in the *Goodman* case, supra, along with the *Cox* case, supra, the

Supreme Court held that the evidence there of other crimes came within one of the exceptions to the general rule and was admissible. See also, in this connection, *Dorsey* v. *State*, 204 *Ga.* 345, 350 (49 S. E. 2d, 886). In State *v.* Donaluzzi, 94 Vt. 142, 146 (109 Atl. 57), there is also an interesting discussion of the question of when evidence of other crimes is admissible. In that case it was said: "Where evidence tending to prove another offense is offered, the same considerations arise with respect to its admissibility as upon the offer of other testimony. The controlling question is: is the evidence relevant—does it tend to prove any fact material to the issues in the case? Note, 105 A. S. R. 980. If the evidence is admissible on other general grounds, it is no objection to its admission that it discloses other offenses, even though they are indictable. People *v.* Jennings, 252 Ill. 534 (96 N. E. 1077, 43 L. R. A. (N.S.) 1206). The special difficulty disappears if the evidence is considered strictly upon the ground of its relevancy to the issues on trial, regardless of the fact that it may incidentally show the commission of some other offense. It should be observed in this connection, however, that the evidence of other acts is not admissible to prove the commission of the act complained of—the corpus delicti."

In special ground 2, the plaintiff in error complains of the introduction of evidence of other criminal transactions as follows: (a) An indictment charging attempted burglary on November 18, 1950, with a verdict of guilty thereon. (b) An indictment charging attempted burglary on December 21, 1950, with a verdict of guilty thereon. (c) An indictment charging another attempted burglary on the same date, with a verdict of guilty thereon. (d) An indictment charging burglary on April 5, 1946, with a plea of guilty thereon. (e) An indictment charging another burglary on the same date, with a plea of guilty thereon. (f) An indictment charging a third burglary on the same date, with a plea of guilty thereon. The indictment here is for an offense committed on December 21, 1950. In Crum *v.* State, 148 Ind. 401 (47 N. E. 833), in which the defendants were charged with larceny, it was said: "Appellants complain, finally, that the court erred in the admission of evidence of other like crimes committed by them about the time of committing the crime here charged. This evidence was quite proper in order to show the

,intention with which the acts charged as criminal were committed. The appellants were not tried or punished for the other offenses committed; but by the evidence given of such like transactions by them about the same time the jury were the better able to apply the evidence given as to the offense charged." In Higgins v. State, 157 Ind. 57 (60 N. E. 685), in which the defendant was charged with soliciting a bribe in May, 1900, it was said: "Appellant claims that the court erred in admitting the testimony of a witness that appellant in the spring of 1900 solicited a bribe with reference to another ordinance then pending before the common council of said city. It is insisted that the offense charged is this case 'is not one of that class in which similar, independent, crimes can be proved in order to prove intent or motive.' While it is a general rule that in the prosecution of one offense it is not competent to give evidence of another distinct and independent crime, yet it is well settled that the prosecution cannot be denied the right to give such evidence, if otherwise competent, on the ground that it tends to establish another offense. . . While such evidence is most frequently received in prosecutions for uttering forged instruments, counterfeit money, and receiving stolen goods, it is not, as we have shown, limited to these offenses, but it is admissible in all cases where malice, guilty knowledge, intent, motive, or the like, is an essential element of the offense, if such other crimes tend to prove the same. From the authorities cited, it is clear that said evidence tended to prove the guilty intent and motive with which appellant used the language alleged in this case to David M. Parry, and was properly admitted for that reason. It is said that the language used was not equivocal and the jury had the right to infer therefrom the intent charged. While this may be true, it does not render other proof of such intent or motive incompetent. When a fact is to be proved, the law requires the best evidence attainable, but it does not put any limit upon the amount of proof that may be adduced." These cases from which we have quoted do not follow the necessity rule, but apply the rule that, if the evidence is admissible at all, the fact that there is other evidence of an intent will not render it incompetent. In *Farmer* v. *State,* 100 *Ga.* 41, 43 (28 S. E. 26), it was said: "The testimony was offered and admitted as tending to illustrate

the intent of the accused in the transaction for which he was then being tried; and for this purpose we think it was properly received." In that case the following was quoted from Justice Story with approval: "In all cases where the guilt of the party depends upon the intent, purpose or design with which an act is done, or upon his guilty knowledge, I understand it to be a general rule that collateral facts may be examined into in which he bore a part, for the purpose of establishing a guilty intent. In short, whenever the intent or guilty knowledge of a party is a material ingredient in the issue of a case, these collateral facts, that is, other acts and declarations of a similar character tending to establish such intent or knowledge, are proper evidence." In *Merritt v. State*, 168 *Ga.* 753 (1) (149 S. E. 46), it was held: "In several grounds of the motion for new trial error is assigned on the admission of evidence as to 'separate and distinct crimes, and of the charge of the court concerning said testimony.' 'The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible; but to this rule there are several exceptions. Among them is the admissibility of evidence showing or tending to show the commission of crimes other than that for which the accused is on trial, for the purpose of showing motive, plan, or scheme' "—and we add intent. In *Strong v. State*, 86 Ind. 208, a case involving the obtaining of money under false pretenses, it was held that, where there is evidence of intent in the case, evidence of another crime may not be received as an exception to the general rule forbidding the receipt of evidence of other crimes which show intent, as such evidence is admitted under the rule of necessity and may only be permitted when the exigency of the case so demands. There was a dissent in that case, in which it was said: "I agree that the general rule is that it is not competent in a prosecution for one offense to give evidence of another distinct and independent crime; but, while this is the general rule, there are exceptions to it as firmly settled and as generally recognized as the rule itself. The prosecution is never denied the right to give evidence otherwise competent, upon the ground that it tends to prove

another offense. It is my conviction that the evidence given by the State in the present case was competent, even upon the concession that it involved proof of a distinct offense committed at a different time from that charged in the indictment." The Crum case, supra, overruled the Strong case, and it was said in the Crum case that the law on this question was correctly stated in the dissenting opinion in the Strong case. In *Bates* v. *State*, 18 *Ga. App.* 718 (90 S. E. 481), quoting from Wood *v.* U. S., 16 Peters 342, it was said: "It has always been allowable, as well in criminal as in civil cases, to introduce evidence of other acts and doings of the party of a kindred character, in order to illustrate his intent or motive in the particular act directly in judgment." In *Scott* v. *State*, 46 *Ga. App.* 213, 217 (167 S. E. 210), it was said: "Whenever intent or guilty knowledge is a material ingredient in the issue of the case, other acts of a similar character tending to establish such intent or knowledge are proper evidence." Construing the *Cox* case, supra, the *Merritt* case, supra, the *Scott* case, supra, and *Cooper* v. *State*, 182 *Ga.* 42, 51 (184 S. E. 716, 104 A. L. R. 1309), we think that the general rule is that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. But to this rule there are several exceptions. Among them is the admissibility of evidence showing or tending to show the commission of a crime other than that for which the accused is on trial, for the purpose of showing "bent of mind" or, in this case, intent. The crime charged here is burglary. "Burglary is the breaking and entering into" certain described buildings "where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny." Code, § 26-2401. One of the counts of the indictment charged the accused with burglary, on December 21, 1950, of a described dwelling, in that he did "feloniously and burglariously break and enter with the intent, then and there, to commit a larceny therein, and after so breaking and entering the said dwelling house with the intent aforesaid, did then and there wrongfully and fraudulently take and carry away from said dwelling house with the

intent, then and there, to steal the same, the following property therein being found, to wit [listing the property]." Where, as here, intent to steal is charged as a material ingredient of the crime, proof of other burglaries or attempted burglaries, as listed supra, is an exception to the general rule and is admissible upon the theory that the other acts tend to show or establish the intent of the accused to commit the crime for which he is on trial. Evidence of other burglaries (similar independent crimes) was not introduced as substantive evidence of the commission of the offense for which the accused was on trial. The evidence of other burglaries was not introduced as evidence dependent on this alone for a conviction—that is, from which the jury, if they saw fit, would be authorized to convict the defendant independently of other evidence, but the evidence of these other crimes was introduced under the exception to the general rule as a collateral material fact which is relevant as enabling the jury better to apply the substantive evidence to the offense for which the accused was on trial. The defendant was not tried and punished for these other burglaries, these collateral offenses. Thus we think that proof of collateral, independent, similar offenses should not be put in evidence without the State laying the foundation by independent proof that the accused was guilty of the offense for which he is on trial. If the State proved without more that the defendant committed a hundred burglaries at any other time or times, and the defendant is convicted on such evidence alone, the conviction could not stand. *Andrews* v. *State*, 196 *Ga.* 84, 97 (26 S. E. 2d, 263). The evidence of other collateral burglaries was offered and admitted as tending to illustrate the state of mind, the intent of the accused in the transaction for which he was on trial.

It is insisted in this case that the offense committed is not one of that class of independent crimes which can be proved, as there is direct and unequivocal evidence that the defendant committed the burglary for which he is on trial. See *Suber* v. *State*, 176 *Ga.* 525, 535 (168 S. E. 585). The court held that, although there was direct and unequivocal evidence as to the commission of the crime charged, yet the evidence of other similar crimes was properly introduced to show intent or motive. In the Higgins case, supra, it was in effect held that, because

there was unequivocal evidence which if believed by the jury would authorize a conviction, this would not render other proof of intent or motive with which the crime was committed incompetent, for, when a fact is to be proved, the law requires the best evidence obtainable, but it does not put any limit upon the amount of proof which may be adduced. In *Farmer* v. *State,* supra, it was said, in quoting from Justice Story: "In all cases where the guilt of the party depends upon the intent, purpose or design with which an act is done, or upon his guilty knowledge, I understand it to be a general rule that collateral facts may be examined into in which he bore a part, for the purpose of establishing a guilty intent." This exception to the general rule, that, where similar independent crimes tend to prove the intent, if such an element enters into the crime charged, evidence of such crimes is admissible to illustrate and establish the guilty intent, is as fully established and recognized as the general rule itself. See, in this connection, Strong *v.* State, supra, Farmer *v.* State, supra, and Cox *v.* State, supra.

It is also contended by the defendant that, even if evidence of other crimes is admissible, they can not be proved merely by the introduction of indictments with pleas of guilty or verdicts of a jury thereon. We can not agree with this contention. See *Howard* v. *State,* 144 *Ga.* 169 (86 S. E. 540). The plaintiff in error cites *Gay* v. *State,* 115 *Ga.* 204 (41 S. E. 685), in support of this contention. In that case it was held that it was not competent to prove the previous conviction of the accused for another and entirely different offense, and that this is so, though a fact necessarily established by the conviction was one relevant to the case on trial. The point in that case was that evidence of other crimes was not admissible at all because it was dissimilar in its nature, not that, if it had been admissible, it was improper to prove it by the indictment and the verdict thereon. See *Andrews* v. *State,* supra.

We think that the rule in this State is that, when there is evidence of the intent in the case, evidence of another crime may be given if the evidence is admissible at all, and the fact that there is other evidence of intent will not render it incompetent. The plaintiff in error contends that the exception to the general rule forbidding the receipt of this kind of evidence is one of

necessity, and that the introduction of the evidence should only be permitted when the exigencies of the case demand it. We can not agree with this contention for the reasons hereinbefore stated. *The defendant can not by multiplying his crimes diminish the volume of competent evidence against him.* The indictments in the other six similar independent crimes of burglary and attempts to commit burglary specifically allege the acts charged with intent to steal, and tend to show that the defendant had a similar intent in the commission of the offense for which he was on trial as he did in the other similar criminal transactions. Two of the indictments charge similar crimes on December 21, 1950, the same date on which it was alleged the burglary for which the defendant was on trial was committed. Another was on November 18, 1950, about a month prior thereto, and three others were in the year 1946. Such indictments, pleas and verdicts thereon were offered and admitted in evidence, not to prove all the essential elements of the burglary for which the defendant was on trial, but merely as tending to illustrate or show only one element of the crime charged, namely the intent of the accused in the criminal transaction, burglary, for which he was on trial, and for this purpose they were properly admitted in evidence.

Pursuant to the act of the General Assembly approved March 8, 1945 (Ga. L. 1945, p. 232), requiring that the whole court consider any case in which one of the judges of a division dissents, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C.J., Gardner and Worrill, JJ., concur. Felton and Townsend, JJ., dissent.*

TOWNSEND, J., dissenting. The majority opinion holds, among other reasons, that evidence of other transactions is admissible here because, this being a prosecution for burglary, the crime itself makes *intent* an essential element, and that such evidence is admissible to show the intent. Code § 26-201 defines a crime or misdemeanor as follows: "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intent, or criminal negligence." It follows, therefore, that as to all crimes and misdemeanors except where criminal negligence

is involved, intent is an essential element; and to hold that such evidence is always admissible to show intent therefore does away with the general rule that evidence of other crimes is not admissible. On the other hand, it converts what has heretofore been regarded under the law as exceptions into the general rule. It goes one step further. It also leaves no exception to this newly established general rule, which is directly contrary to the holding in *Robinson* v. *State*, 62 *Ga. App.* 355 (7 S. E. 2d, 758), and many other cases.

For other reasons also, the writer feels that proof of other crimes in this case requires its reversal. See the dissent in *Hodges* v. *State*, ante, p. 617 (70 S. E. 2d, 48). I am authorized to say that Felton, J., concurs in this dissent.