## MOORE v. THE STATE.

1. There being direct and positive evidence of the guilt of the accused, there was no error in failing to give in charge the rules of law applicable to cases founded solely on circumstantial evidence.

2. Where one of two persons indicted for "gaming in the same game" was on trial, and the other, against whom the indictment was still pending, voluntarily testified in behalf of the accused that the alleged gaming did not occur at all, it was not

improper for the solicitor-general to argue that the witness was interested in the result of the trial; nor in such case was there any error in failing to charge the jury as to the protection given by statute to witnesses who are compelled in gaming cases to testify to acts incriminating themselves.

3. The evidence was sufficient to warrant the verdict, and there was no error in denying a new trial.

February 14, 1896.

Indictment for gaming. Before Judge Berry. Criminal court of Atlanta. December term, 1895.

*J. W. Cox* and *G. P. Roberts*, for plaintiff in error.
*Lewis W. Thomas, solicitor,* contra.

Simmons, Chief Justice.

Moore was indicted for gaming, and upon his trial one McCoy testified directly to the commission of the offense by the accused, his evidence being that at the time alleged he was present with the accused and played and bet with him for money himself. This evidence was corroborated as to material facts by the circumstantial testimony of one Culley. Moore was convicted, and made a motion for a new trial, which was overruled, and he excepted.

1. One of the grounds of the motion for a new trial was that the judge erred in failing to give in charge to the jury the law of circumstantial evidence. In view of the direct testimony of McCoy, the judge did not err in not giving in charge rules of law applicable to cases founded solely on circumstantial evidence. Where the commission of the offense is shown by direct testimony, it is not the duty of the trial judge to give in charge the law governing circumstantial evidence, although there may be also circumstantial evidence tending to corroborate the other.

2. After the evidence for the State had closed, the accused introduced as a witness for the defense one Smith, who was under indictment for gaming at the same time and in the same game with himself. Smith testified that he and McCoy played cards, but denied that there was any

betting, and denied that Moore engaged in the playing. Counsel for the State argued to the jury that Smith, being indicted for participation in the same offense, was an interested witness, and they should take this into consideration in determining as to his credibility. Counsel for the accused insisted that, under section 4545 of the code, this fact could not be used against the witness; and it is complained that the court erred in failing to charge the jury, as laid down in that section, that "any other person who may have played and betted at the same time or table shall be a competent witness and be compelled to give evidence; and nothing then said by such witness shall at any time be received or given in evidence against him in any prosecution against the said witness, except on an indictment for perjury in any matter to which he may have testified." We do not agree with counsel for the accused in this contention. In the first place, the record does not show that the witness Smith was subpœnaed to appear and testify in the case. So far as the record discloses, he was a voluntary witness. This section of the code protects the witness only in case he is "*compelled* to give evidence." Moreover, the protection afforded is, that nothing then said by such witness shall be received or given in evidence against him "in any *prosecution against the said witness*, except on an indictment for perjury in any matter to which he may have testified." There was nothing in Smith's evidence which could have injured him on his own trial, because he positively denied that any gaming was done on the occasion referred to. In all trials the interest, bias or prejudice of any witness may be shown to the jury; and the fact that this witness was indicted for participation in the same offense, and that it was to his interest to testify as he did, was a legitimate matter for argument to the jury.

The evidence fully warranted the verdict, and there was no error in refusing a new trial.      *Judgment affirmed.*