## BLAIR *v.* THE STATE.

*Lumpkin, J.*—There being no complaint of any error of law, and the only question presented by the motion for a new trial being whether or not there was sufficient evidence to support the verdict, this court will not reverse the judgment refusing to set it aside, there being in the record enough testimony to warrant the conviction.                    *Judgment affirmed.*

June 8, 1896. By two Justices.

Indictment for burglary.    Before Judge Butt.    Muscogee superior court.    November term, 1895.

*Blandford & Grimes*, for plaintiff in error.    *S. P. Gilbert*, *solicitor-general*, and *J. H. Worrill*, contra.

---

## DUNN *v.* THE STATE.

*Simmons, C. J.*—1. An assignment of alleged error in admitting evidence is incomplete unless it shows what, if any, objection was made to the evidence when offered.
2. The failure of the court to caution a witness that he need not answer a question if the answer would tend to criminate him, is not cause for setting aside a verdict against one upon whose trial for a crime this witness testified.
3. There was no evidence connecting the accused with the perpetration of the alleged offense, and therefore the verdict of guilty was unwarranted.                    *Judgment reversed.*

June 8, 1896. By two Justices.

Indictment for burglary.    Before Judge Butt.    Muscogee superior court.    November term, 1895.

*Blandford & Grimes*, for plaintiff in error.    *S. P. Gilbert*, *solicitor-general*, and *J. H. Worrill*, contra.

---