### COFER *v.* THE STATE.

BECK, P. J. 1. The court in part charged the jury as follows: "Now the testimony of a single witness is generally sufficient to establish a fact, but there are certain exceptions to this rule in this case; the offense of rape is one of said exceptions; it being the law that the jury could not convict the defendant of the offense for which he is on trial, upon the unsupported testimony of the female alleged to have been raped. Before you would be authorized to convict the defendant, there must be other evidence independent of hers sufficient to connect the accused with the offense charged, and inference of his guilt." This charge was not error as against the defendant.

2. Nor was it error as against the defendant for the court to charge that "The law also says a jury may consider whether or not the female alleged to have been raped immediately made an outcry, and may consider whether or not her garments or clothing were torn or not, or whether or not there were bruises upon her body, in arriving at whether or not the offense of rape had been committed."

3. "The failure of the court to caution a witness that he need not answer a question if the answer would tend to criminate him is not cause for

setting aside a verdict against one upon whose trial for a crime this witness testified." *Dunn* v. *State*, 99 *Ga.* 211 (25 S. E. 448).

4. The evidence as to the commission of the crime of rape was entirely circumstantial; and it was error for the court to fail to charge the law of circumstantial evidence, as contained in the Penal Code, § 1010, or substantially in the language thereof.

5. The judgment overruling the motion for a new trial being reversed on another ground, no opinion is expressed as to the evidence.

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., and Gilbert and Hutcheson, JJ., concur in the judgment solely on the ground that the evidence is insufficient to warrant a conviction. It is not necessary to consider any other ground.

No. 9924. APRIL 11, 1934.

*Marvin A. Allison,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Clifford Pratt, solicitor-general, B. D. Murphy,* and *J. T. Goree,* contra.