## 27225. ENGLISH v. THE STATE.

DECIDED MARCH 3, 1939.

Lester F. Watson, for plaintiff in error.
Stanley A. Reese, solicitor, contra.

BROYLES, C. J. The defendant was convicted of possessing whisky. The accusation charged that the offense was committed on August 29, 1937. The accusation was founded on an affidavit executed on August 31, 1937, and the accusation bore the same date. The special grounds of the motion for new trial complain of the admission of evidence showing that on two separate occasions, about six months subsequent to the filing of the accusation, whisky was found in the defendant's place of business. Under the facts of the case the evidence was properly admitted. Other evidence in the case showed that on two other occasions, within the statute of limitations, and prior to the filing of the affidavit and the accusation, the defendant was found in the unlawful possession of whisky, and that the defendant's place of business had the reputation of being a "bootlegging joint." When the evidence complained of was objected to, the solicitor said: "Your Honor, I want to make the statement that I am offering this evidence for the purpose of showing the guilty knowledge of the defendant, motive and intent to violate the laws of this State." And the court in admitting the evidence made the following statement: "Any raid within two years prior to the filing of this accusation would be admissible; anything after that time would be admissible to

show motive and intent on the part of the defendant." The plaintiff in error did not specify the charge of the court as a material part of the record to be transmitted to this court, and the charge is not before us. Under these circumstances it will be presumed that the court properly instructed the jury that evidence showing possession of whisky on occasions subsequent to the filing of the accusation should be considered by them only for the purpose of showing the intent and motive of the defendant in possessing the whisky alleged to have been found in his place of business prior to the date of the accusation. The defendant, in his statement to the jury, denied that he was knowingly in possession of any whisky on the occasions, prior to the date of the accusation, when the whisky was found in his place of business. In *Hayes* v. *State,* 36 *Ga. App.* 668 (137 S. E. 860), this court made the following ruling: "In a prosecution for possessing intoxicating liquor it is not error to admit evidence that on other occasions, both before and after the date of the offense charged in the accusation, such liquor was found in the possession of the accused. . . This is true even though the evidence shows that the liquor was found in the possession of the defendant on the day of the trial." See also the numerous cases cited in that decision. It follows from what we have ruled that the special grounds of the motion for new trial were without merit. The evidence amply authorized the verdict, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

MacIntyre, J., concurring specially. The evidence tended to show that the defendant ran a dance hall called the "Big Apple." One of the witnesses testified that the officers had found whisky there, one time in the closet, one time in a dresser, and one time in a little half-gallon jar. Another officer testified "We had quite a bit of trouble with the Big Apple. . . I had heard it was bad before I made this raid. We have had ten or twelve cases against him [the defendant] in the recorder's court. I didn't make any charges against him in the city court of Dublin." The defendant in his statement said in part, "I know there is some whisky drinking there [referring to his place of business, the Big Apple]. I don't dispute that, but I didn't know who put the whisky out there.

I didn't." Thus, the defendant's statement set up a defense that while there was whisky in his place of business, he did not know it was there, and the evidence of other transactions was admissible to rebut this defense tending to show an absence of knowledge. *Fitzgerald* v. *State,* 51 *Ga. App.* 636 (181 S. E. 186). The evidence having disclosed that the defendant was running a dance hall and that, prior to the time of the filing of the accusation, the officers had found small amounts of liquor in and about his dance hall on at least ten or twelve occasions, I think the jury would have been authorized to have found that his scheme or plan of doing business was to have or sell liquor in or around his dance hall in small quantities, and that he did not cease to use this plan or scheme even after this accusation was filed against him, and that six months after the filing of the accusation, but before he went on trial, he was found with the largest amount of liquor (two half-gallons), that had ever been found on any of the raids on the Big Apple made prior to the filing of the accusation. I think this last transaction was also admissible in evidence as tending to show the plan or scheme which he was using in his illegal handling of whisky prior to the filing of the accusation and also to strengthen the testimony given as to possession charged in the accusation. *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156).

GUERRY, J., dissenting. The defendant was tried under an accusation charging that he was in possession of certain alcoholic liquors on August 29, 1937. The accusation was filed August 31, 1937. The charge was general, and was sufficient to allow evidence of any transaction occurring two years prior to the filing of the accusation. The State introduced evidence sufficient to sustain the accusation including the date named and other occasions prior to the date of the filing and within two years thereof. Over objection of defendant's counsel, officers were permitted to testify that they found two half-gallons of whisky at defendant's place of business in February, 1938. Error is assigned on the admission of this evidence in reference to the finding of this whisky five or six months after the filing of the accusation.

It may be stated that the general rule is that proof of other crimes is inadmissible on the trial of one accused of crime. This rule should never be the subject of exception unless there is some logical connection between the two transactions from which it may

be said that proof of one tends to establish the proof of the other. As stated in 1 Wharton's Criminal Evidence, § 31: "While proof of collateral offenses is generally not admissible, yet such proof is sometimes admissible as a part of the res gestae, to prove identity of person or crime, or guilty knowledge, intent, motive, system, malice, to rebut special defenses, and is relevant in prosecutions for various particular crimes, where such proof would tend to establish some essential ingredient of the crime." The rule itself is well understood, and the principle governing its exceptions has been often stated. Its application to the facts of the particular cases under review has not always been consistent. As was pointed out by Judge Powell in *Lee* v. *State*, 8 *Ga. App.* 413, 416 (69 S. E. 310), the likelihood that the admission of such testimony would cause the conviction of the defendant on "general principles" affords the chief reason for the general rule stated above and causes such testimony to be excluded. The evidence as to the commission of other crimes, to be admissible, should be closely interwoven with the facts of the case on trial, or strongly illustrative of some feature of the case so that it will outbalance the general expediency of excluding the testimony as to them. Unless there is a distinct relevancy to the particular case on trial and a special need for the evidence it should be excluded. The defendant was charged with the possession of whisky on August 29, 1937. The accusation was filed August 31. Under the charge the State could make out its case by proving any possession of whisky within a period of two years prior to the filing of the accusation. Having made a general charge, the defendant could not again be indicted for any of the offenses of having whisky which occurred within this two-year period. Any such attempt could be successfully met by a plea of former jeopardy. Except that it may tend to show that defendant now continues to keep whisky, we can not see that evidence that the defendant, six months after the filing of the accusation, was in possession of whisky, sheds any light on, or shows any motive, intent, malice, or guilty knowledge as to, his having and keeping whisky six months prior to that time. We think the rule as applicable to the facts of this case have been aptly stated in *Cawthon* v. *State*, 119 *Ga.* 395 (5) (46 S. E. 897): "To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor, linking them together for some purpose he

intended to accomplish; or it must be necessary to identify the person of the actor, by a connection which shows that he who committed the one must have done the other."

The facts in the case of *Cox* v. *State*, 165 *Ga.* 145 (139 S. E. 861), are illustrative of the application of the rule. See also *Williams* v. *State*, 51 *Ga. App.* 319 (180 S. E. 369). We recognize that this court has said that "In a prosecution for possessing whisky it is not error to admit evidence that on other occasions, both before and after the date of the offense charged in the accusation, whisky was found in the place of business of the accused." *Jones* v. *State*, 32 *Ga. App.* 7 (122 S. E. 738). *Cole* v. *State*, 120 *Ga.* 485 (supra), stated that evidence that the accused was found in possession of whisky on a day subsequent to that charged in the accusation was admissible. In neither of these or other cases so holding does it appear that such evidence was admitted where it appeared that the transaction occurred after the date of the filing of the accusation or the finding of the indictment. I think the testimony in such cases, where the transaction offered to be proved happened after the time charged in the accusation but before the filing, was admissible on another ground. Even though it be possible that evidence of other like criminal transactions which have occurred after the date of the filing of the accusation may be admitted in evidence in such a case, it must clearly appear that such other offenses are closely interwoven with the facts of the case on trial. This language is used by Judge Powell in the *Lee* case, supra. The accusation in that case was against a narcotic peddler. It may readily be seen that evidence that the accused, both before and after the transaction alleged, was accustomed to sell to whoever asked to buy, may be sufficient to show a general practice or course of conduct. I do not know that even in that case that evidence of a sale six months after the filing of the indictment would have been admissible. The fact that whisky was found in the defendant's place of business six months after the filing of the accusation is too remote to have evidential value in such a case of the offense charged, to wit: the possession of whisky six months prior thereto. In a murder charge evidence of another homicide by the defendant six months after the indictment would be inadmissible, unless there was something about the second homicide which would serve to connect it with the first offense, or show motive, intent, purpose,

568

or the like. The court in the present case allowed several witnesses to testify in respect to a raid made on the defendant's place of business, and the finding of liquor thereat, five or six months after the filing of the accusation. The court in overruling the objection interposed stated that the evidence "is admissible to show motive and intent." The solicitor stated that he offered it for the purpose of showing "guilty knowledge of the defendant, motive and intent to violate the law." Except that it may have tended to show the defendant's character as a liquor handler, I fail to see how motive or intent as to the possession of liquor six months prior to February, 1938, was shown by its possession at that time. The law expressly prevents the putting in issue of a defendant's character.

The result of the majority opinion in this case is to make the exception to the general rule, the true rule, and to make what has heretofore been held to be the true rule the exception. I am unable to see how or why the fact that the defendant was in possession of two half-gallons of whisky in February, 1938, illustrates any motive or intent as to the possession of whisky charged in the accusation on August 29, 1937.