## 27914. GUIFFRIDA v. THE STATE.

DECIDED JANUARY 31, 1940.

*G. H. Howard, Roy S. Drennan, Roland Neeson, J. B. Kilbride, Oliver Jacobson,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. F. J. Guiffrida was indicted under the Code, § 26-1101, which charge was sufficient to cover the offense of abortion as defined in § 26-1102. He was found not guilty of the charge as made under § 26-1101, but guilty of the offense of abortion. The evidence for the State, by the female herself, upon whom it was alleged that the abortion had been committed, was sufficient to make out every allegation of the indictment. The jury, under proper charge of the court, found that the child which was destroyed was not "quick." "The word 'child' as used in section 81

[§ 26-1101] of the Penal Code means a 'living child,' that is to say, 'an unborn child so far developed as to be ordinarily called "quick," and which is still alive when the alleged unlawful means are employed to produce the miscarriage or abortion." *Taylor* v. *State,* 105 *Ga.* 846 (33 S. E. 190). The first ground of the amended motion complains that when the witness for the State, upon whom it was alleged that the abortion was practiced, was placed upon the stand, the court erred in refusing, on motion of counsel for defendant, to instruct such prosecuting witness that she could not be required to testify as to any matter which might criminate or tend to criminate her, or would tend to bring infamy or disgrace or public contempt upon herself or any member of her family; and in refusing to allow counsel for the defendant to read to the witness Code, §§ 38-1102 and 38-1205. "The failure of the court to caution a witness that he need not answer a question if the answer would tend to criminate him is not cause for setting aside a verdict against one upon whose trial for a crime this witness testified." *Dunn* v. *State,* 99 *Ga.* 211 (2) (25 S. E. 448) ; *Moore* v. *State,* 130 *Ga.* 322 (2) (60 S. E. 544) ; *Cofer* v. *State,* 178 *Ga.* 742 (3) (174 S. E. 331). The defendant in the instant case can not complain. These sections are designed for the protection of the witness himself, and not for those who may be injured by such testimony.

Error is assigned on the ruling of the court permitting other witnesses to testify that the defendant had, at the same time and place, performed similar operations upon them. Some of these witnesses were other women who were named in other indictments upon which the defendant was then being tried before the same jury together with the indictment in the present case. When we read the record in this case, and the charge of the court limiting the effect of such testimony, we fail to see how a better illustration of the *exception* to the general rule that evidence of other crimes is generally inadmissible (*Lee* v. *State,* 8 *Ga. App.* 413, 69 S. E. 310 ; *Cawthon* v. *State,* 119 *Ga.* 395 (4, 5), 46 S. E. 897), could be shown than it was under the evidence here presented. The evidence objected to was logically connected in time and place, and illustrated the intent, motive, and scheme or system entertained and practiced by the defendant. This court has passed so many times on this particular question that it is unnecessary to cite other authorities. While the writer has been unwilling to extend the

doctrine (*English* v. *State,* 59 *Ga. App.* 563, 1 S. E. 2d, 709), it is clearly applicable here.

The exceptions that the venue of the crime and the corpus delicti were not shown are not well taken. The intent to produce a miscarriage or abortion was clearly apparent. Instruments were used to cause an abortion, and the question whether the attempt was successful or not was not involved in connection with proof of the corpus delicti. The venue was shown to have been on Washington Street, Atlanta, Fulton County, Georgia.

A refusal to declare a mistrial because the State's counsel asked the witness, "Were any of the ergot capsules prescribed for you?" having at the time a package of such capsules in his hand, is assigned as error. The question was objected to on the ground that it was not so alleged in the indictment, and the objection was sustained. We fail to see any error in refusing to declare a mistrial.

A further point is raised that the State failed to prove the allegation of the indictment, "the same not being necessary to preserve the life of the mother, . . and not having been advised by two physicians to be necessary for such purpose." Under the view we take of the evidence it is unnecessary to decide whether or not the language of the section above quoted makes it incumbent on the State to prove such allegation, or whether such exception is an affirmative defense peculiarly within the knowledge of the defendant. We may say that the authorities of the various States are in direct conflict on this question. The absence of the necessity to save life need not be shown by direct evidence, but may be proved by circumstantial evidence. In 1 Am. Jur. 151, § 52, it is said: "The authorities are to the effect that when it is shown that the woman was healthy and in a normal condition and . . an operation [is] performed upon her to produce a miscarriage, the evidence is sufficient to raise the inference, and to find the fact, that the production of the miscarriage was not necessary to save the woman's life." In the cases cited by the plaintiff in error on the necessity for the State to prove the negative allegation, we find that the sufficiency of the evidence as stated is recognized. The identical language above quoted is used in State *v.* Wells, 35 Utah, 400 (100 Pac. 684, 136 Am. St. R. 1059, 19 Ann. Cas. 631). An examination of People *v.* Balkwell, 143 Cal. 259 (76 Pac. 1017), Howard *v.* People, 185 Ill. 552 (57 N. E. 441), Diehl *v.* State, 157

Ind. 549 (62 N. E. 51), and Dixon v. State, 46 Neb. 298 (64 N. W. 961), shows that evidence as above stated is sufficient to raise an inference upon which a verdict of guilty may be predicated, just as the recent, unexplained possession of stolen property raises such an inference that a verdict of guilty may be based thereon. The young woman in the present case was an unmarried school girl, who, when she recognized her condition, told her mother and father of it. She testified that she had not been sick, nor had she consulted any other doctor, nor had any other doctor examined her before she went to see Dr. Guiffrida when the abortion was performed. Such testimony was clearly sufficient to support the allegations of the indictment.

The remaining assignments of error are without merit. The charge of the court, taken as a whole, was an unusually clear statement of the law applicable to the facts. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*