29731. SHEPPARD *v.* THE STATE.

Decided October 9, 1942.

*Loeb C. Ketzky,* for plaintiff in error.
*William Y. Atkinson, solicitor-general,* contra.

MacIntyre, J. The defendant was charged with violating the prohibition law, in that he "unlawfully did sell and offer for sale whisky without having procured a license so to do from the State Revenue Commission." Six months before the trial of this case his brother, Wallace Sheppard, was tried in the same court for operating slot machines. During the trial of Wallace Sheppard this accused, G. N. Sheppard, voluntarily took the stand and voluntarily testified that Wallace Sheppard, had nothing to do with the operation of the "County Line Club," but that he, the accused, owned and operated it; and in his testimony he admitted that he operated fourteen slot machines, which were gambling devices, and that he openly sold whisky by the drink and by the bottle. After this testimony was given the next grand jury indicted the accused for these two offenses. The case here under consideration was for selling the prohibited liquors.

"A voluntary confession of guilt, not improperly induced, is always admissible against the party who makes it; and the general rule on this subject is not changed by the fact that the confession happens to be made under oath while the party is being

examined as a witness in another trial." *Henderson* v. *State*, 95 *Ga.* 326, 329 (22 S. E. 537). The constitution of the State of Georgia, Code § 2-106, provides: "No person shall be compelled to give testimony tending in any manner to criminate himself." And while Code § 58-118 provides: "No clerk, servant, agent or employee of any person accused of a violation of the laws to promote temperance and to suppress intemperance, or prohibiting the sale, manufacture or other disposition of prohibited liquors or beverages, shall be excused from testifying against his principal for the reason that he may thereby incriminate himself, nor shall any principal be excused from testifying against any clerk, servant, agent or employee in such cases; but no testimony so given by any of said parties shall in any prosecution be used as evidence, directly or indirectly, against him," we think this section protects the witness only in case he asks to be excused from giving testimony which would incriminate him with reference to violation of the prohibition laws enumerated in that section. This section of the Code protects the witness only in case he is "compelled to give evidence." *Moore* v. *State*, 97 *Ga.* 759, 761 (25 S. E. 362). The defendant at a previous term of the superior court voluntarily went upon the stand and voluntarily testified in behalf of his brother, who was then on trial, that he (witness) had sold whisky, which is one of the "prohibited liquors." At the next term of the court the indictment in the case sub judice was found. The record does not disclose that the defendant, on the previous trial of his brother, asked to be "excused" from testifying in his brother's case on the ground that it would incriminate him, but voluntarily went upon the stand and *voluntarily* stated, in an effort to free his brother, that he sold whisky, as was later charged in the present indictment. Admissions or confessions made under such circumstances may be proved in the same manner as admissions or confessions made out of court can be proved. *Milton* v. *United States*, 71 App. D. C. 394 (110 F. 2d, 556, 560). Hence, where the defendant had voluntarily testified in behalf of his brother in a previous criminal case and there made statements against the defendant's interest, which in fact amounted to an admission or confession that he sold whisky as charged in the instant case, it was competent for the State to prove such

statement or confession on the trial of the defendant. Rafferty v. State, 91 Tenn. 655 (16 S. W. 728).

In the case sub judice the State established the corpus delicti, and the testimony given by the accused on the previous trial of his brother was an admission that he had sold the prohibited liquors as charged in the instant case. This evidence authorized the verdict. *Miller* v. *State*, 60 *Ga. App.* 682 (2) (4 S. E. 2d, 729).

The judge did not err in overruling the motion for new trial. *Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*