## 30556. JARDINE v. JARDINE.

HILL, Justice.

The trial court granted the former husband's petition seeking custody of the parties' three minor children and the former wife appeals. When the parties divorced in 1973, custody of the children was awarded to the wife. In 1975, the former husband filed petition for change of custody. A hearing was held and the court granted the husband's petition.

1. By supplemental brief the wife urges that the trial court violated Code Ann. § 81A-152 by failing to include findings of fact and conclusions of law in its order. There being no enumeration of error directed to this argument, we find no reversible error. Cf. *Githens v. Githens,* 234 Ga. 715 (2) (217 SE2d 291) (1975).

2. The trial court did not err in overruling the wife's motion to dismiss the petition for failure to state a claim for relief. Moreover, the court allowed an amendment to the petition, which the court was authorized to do and which cured any defect in the original. The wife had available all authorized means of discovery to learn the facts on which the husband based his claim.

3. At the hearing, counsel for the husband asked the wife whether she had smoked marijuana or sniffed cocaine. She declined to answer these questions based on her privilege against self-incrimination. The trial judge excluded the questions but admitted into evidence over objection portions of a deposition in which she previously had answered the same questions affirmatively. The wife contends that the fact that she answered the questions without objection at the deposition did not constitute a waiver of her constitutional privilege against self-incrimination, and that it was error to allow the deposition into evidence at the hearing.

The wife voluntarily answered the questions on deposition without claiming the privilege against self-incrimination. That testimony was admissible at the subsequent hearing regardless of her later claim of privilege. Powers v. United States, 223 U. S. 303 (32 SC 281, 56 LE 448) (1912); United States v. Bottone, 365 F2d 389 (2d Cir. 1966), cert. denied 385 U. S. 974 (1966); and

London v. Patterson, 463 F2d 95 (9th Cir. 1972), cert. denied 411 U. S. 906 (1972). We find no error in this enumeration.

4. The wife contends that the trial court erred in awarding custody of the children to the husband in that the evidence did not show a material change of condition sufficient to authorize change of custody. There being reasonable evidence to support the decision of the trial court in changing custody, we affirm. *Robinson v. Ashmore*, 232 Ga. 498 (207 SE2d 484) (1974).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1976 — DECIDED FEBRUARY 11, 1976 — REHEARING DENIED FEBRUARY 24, 1976.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant. *Curtis Farrar,* for appellee.