## 71153. THE STATE v. BUTLER.
(340 SE2d 214)

SOGNIER, Judge.

The State appeals from a ruling by the trial court granting appellee's plea in abatement, based on the ground that appellee was forced by the grand jury to give testimony against herself, thus violating her right against self-incrimination.

While appellee was driving her car she and her husband got into a physical fight causing appellee to drive off the road and over a ditch. She signed a warrant against her husband for simple battery; a week later appellee's unborn child died. A proposed indictment against appellee's husband for feticide was then presented to the grand jury and appellee was subpoenaed as a witness. She appeared and testified about the fight which had resulted in the death of her unborn child. The grand jury, on its own initiative, requested that both appellee and her husband be charged jointly with a reduced charge of reckless conduct endangering the safety of another. The grand jury voted to no-bill the proposed indictment against appellee's husband for feticide, and pursuant to the grand jury's request an indictment for reckless conduct was prepared and a true bill was returned against appellee and her husband. Appellee filed a plea in abatement which was granted by the trial court after a hearing, and the indictment against appellee was dismissed and quashed. The State then filed the instant appeal.

Both parties rely on *Jenkins v. State*, 65 Ga. App. 16 (14 SE2d 594) (1941). In that case the defendant was indicted for seduction and filed a plea in abatement on the ground that he was called before the grand jury and compelled to testify as to the truth of the accusation charged in the warrant on which he was arrested. The trial court granted the State's motion to dismiss the plea in abatement and we reversed, holding that the grand jury had no lawful right to call the accused before it while considering the bill of indictment against him, and swear or question him regarding such charge, because to do so would violate his constitutional right against self-incrimination.

The State argues that appellee was a mere witness with no charge against her when she testified before the grand jury, and thus, *Jenkins* is not applicable. Appellee argues that there is no significant factual or legal distinction between *Jenkins* and the instant case, because even though appellee was not the accused person, the grand jury was investigating the fight between appellee and her husband, resulting in the subsequent death of her unborn child. Thus, argues appellee, the inquiry was directed against her. We do not agree.

OCGA § 24-9-20 (a) provides: "No person who is *charged* in any criminal proceeding with the commission of any indictable offense or any offense punishable on summary conviction shall be compellable

to give evidence for or against himself." (Emphasis supplied.) The only proposed indictment before the grand jury at the time appellee was called as a witness was for the offense of feticide, allegedly committed by appellee's husband. Appellee was not charged with, or accused of, any offense at the time she was called as a witness. Unlike the defendant in *Jenkins*, supra, who was the person charged in the proposed indictment, appellee's status was that of a witness. Hence, there was nothing prohibiting the grand jury from calling appellee and requiring her to testify about the incident leading to the death of her unborn child. If appellee believed her testimony would incriminate her, she could have claimed her privilege and refused to testify about self-incriminating matters. She did not do so, and there was no duty on the part of the grand jury to advise appellee of her privilege. See generally *Cofer v. State*, 178 Ga. 742 (3) (174 SE 331) (1934); *Guiffrida v. State*, 61 Ga. App. 595 (1) (7 SE2d 34) (1940).

Since the grand jury was authorized to call appellee as a witness and she did not claim her privilege against self-incrimination, she was not wrongfully compelled to testify and the trial court erred by granting appellee's plea in abatement.

*Judgment reversed. Birdsong, P. J., and Carley, J.; concur.*

DECIDED JANUARY 9, 1986 —
REHEARING DENIED JANUARY 28, 1986 — 

*Roger G. Queen, District Attorney*, for appellant.
*A. Kristina Cook Connelly*, for appellee.