A06A1754. CAREY v. THE STATE.
(637 SE2d 757)

SMITH, Presiding Judge.

Anthony Wayne Carey was charged with one count of child molestation and two counts of attempted child molestation arising from his contact with his daughter and her cousin. After a jury trial,

---

Carey was acquitted of child molestation, but he was convicted of the two attempt charges and sentenced to ten years to serve with ten years probation. On appeal, Carey argues that the evidence was insufficient and that his trial counsel was ineffective. We affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that in the months before November 2003, Carey's 12-year-old daughter and her 11-year-old cousin spent the night with the daughter's grandmother and Carey. The daughter had fallen asleep on the couch when Carey asked the cousin to kiss him. When she responded that she had already given him a goodnight kiss, he asked her if she wanted to look at some pictures of naked women on the computer. Carey then took the girl to the personal computer in his room, which displayed at least one picture of a woman with her private parts exposed. Carey also asked the cousin if she had ever put her finger or an object up her private part. When the daughter woke up, the two girls ran into the grandmother's bedroom and got into bed with her. Carey called out to the cousin a number of times, but she pretended to be asleep. The cousin narrated details concerning these events to caseworkers and at trial.

In November 2003, Carey's daughter was spending the night at Carey's mother's house when her father asked whether she had ever put her finger on her private part. Carey then tried to kiss his daughter there, but she rolled over and escaped from him. The daughter also narrated details concerning these events to caseworkers and at trial.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. In four enumerations, Carey challenges the sufficiency of the evidence. Under OCGA § 16-6-4 (a), a person commits the offense of child molestation "when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Under OCGA § 16-4-1, a person commits the offense of criminal attempt "when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."

Here, Carey took a substantial step toward molesting his daughter's cousin when he solicited her interest in and showed her indecent photographs and then raised the subject of masturbation with her.

Carey took a substantial step toward molesting his daughter when he raised the subject of masturbation with her and tried to kiss her between the legs. Because a rational trier of fact could find on the basis of these actions that Carey would have committed indecent acts with both girls in order to satisfy his own sexual desires, the evidence is sufficient to sustain his conviction. *Perkins v. State*, 224 Ga. App. 63, 64-65 (1) (479 SE2d 471) (1996).

2. Carey also contends that his trial counsel was ineffective when he failed to investigate another molestation charge made against Carey; failed to interview Carey's mother; did not investigate the State's failure to obtain a warrant to determine whether Carey's computer contained or could access pornographic material; referred to Carey's prior criminal record on DUI charges; introduced several letters from Carey's daughter into evidence; and characterized his client in closing argument as "guilty" of drunken and boorish behavior.

"To prove an ineffective assistance of counsel claim, the defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "[W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations and footnote omitted.) *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

The record shows that although Carey's counsel had been employed as a public defender for only two months before Carey's trial, he received from his predecessor an existing file on the case, discussed it "at length" with his predecessor, and believed that he had sufficient time to prepare Carey's defense. He also testified that his strategy was to admit that Carey had a drinking problem, but to argue that it had not manifested itself in any other criminal activity. Consistent with this strategy, counsel testified that although he could not remember why he did not call the mother as a witness, he may well have refrained from calling her because she believed that her son had a drinking problem and that "something inappropriate could have happened."

The trial court was authorized to believe counsel's testimony that he was sufficiently prepared for trial. See *King v. State*, 259 Ga. App. 589, 590-591 (2) (578 SE2d 176) (2003). Without a proffer of evidence concerning Carey's computer, moreover, he cannot show a reasonable probability that the results of the proceedings would have been different. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615-616 (458

SE2d 623) (1995). Likewise, since we defer to trial counsel's reasonable decisions on tactics and strategy, including what evidence to introduce, we conclude that counsel was not ineffective in any respect here. See *Nihart v. State*, 227 Ga. App. 272, 275-277 (1) (488 SE2d 740) (1997). The trial court correctly denied Carey's motion for new trial.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2006.

*Daniel J. Cahill, Jr.*, for appellant.
*Robert W. Lavender, District Attorney*, for appellee.