## A08A0449. CRUTCHFIELD v. THE STATE.

(660 SE2d 878)

MIKELL, Judge.

Following a jury trial on February 8-9, 2006, James Ronald Crutchfield was found guilty of distribution of methamphetamine (Count 1); possession of methamphetamine with intent to distribute (Count 2); and possession of methamphetamine (Count 3). He was sentenced on Count 1 to 30 years, with 12 to serve in confinement, and on Count 3 to 12 years, to serve concurrently with Count 1. Count 2 was merged into Count 1. He appeals the denial of his motion for new trial, enumerating three errors: first, the denial of his motion to suppress in-court statements he made in an earlier unrelated criminal trial; second, the failure to merge Count 3 into Count 1 for sentencing purposes; and third, ineffective assistance of counsel. Finding no error, we affirm.

1. Crutchfield claims that the admission of his prior in-court testimony was error. We disagree.

On appellate review,

> [a] trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment.[1]

So construed, the record reflects that Crutchfield testified under oath as a witness at the earlier unrelated criminal trial of David Bartlett, which took place August 29-31, 2005. A transcript[2] of Crutchfield's testimony in Bartlett's trial was admitted in evidence in the trial below and formed the basis for the state's case against Crutchfield.

Crutchfield's testimony at Bartlett's trial can be summarized essentially as follows: A few days before Bartlett's trial began, Crutchfield had been arrested for driving with a suspended license.

---

[1] (Citation omitted.) *Williams v. State*, 273 Ga. App. 637, 638 (615 SE2d 789) (2005).

[2] The transcript which was published to the jury had been redacted to delete reference to Crutchfield's prior felonies and arrests.

While in jail, he ran into Bartlett, an old acquaintance, who was being held on charges unrelated to those against Crutchfield. Crutchfield approached Bartlett and asked about the case against him; Crutchfield was interested in Bartlett's case because Bartlett had been arrested along with Angela McAtee, a former girlfriend of Crutchfield's, at the Holiday Inn in Perry in August 2004. Bartlett told Crutchfield "what was going on," including that his trial was "fixing to start." Crutchfield then told Bartlett that Crutchfield himself had been at the Holiday Inn with McAtee on the night that Bartlett was arrested. Bartlett asked Crutchfield to testify in his upcoming trial, and Crutchfield did so. Crutchfield admitted in open court at Bartlett's trial that at the Holiday Inn, while Bartlett was either absent or asleep, Crutchfield had smoked two bowls of methamphetamine with Angela McAtee and later had injected McAtee with a syringe containing methamphetamine.

Crutchfield moved to suppress these prior statements, arguing that he had not made a knowing and intelligent waiver of his right to remain silent under the Fifth Amendment, and that the trial court erred in failing to hold a hearing under *Jackson v. Denno*.[3] He further contends that his right to counsel was violated because, although he was represented by counsel at the time of the Bartlett trial, his counsel was not advised that he would be giving testimony.

Following a hearing on the motion to suppress, the trial court denied the motion. The court noted that, when Crutchfield testified at the earlier trial, he and Bartlett were not co-defendants. Crutchfield was incarcerated at that time on a traffic offense, a charge unrelated to the charges against Bartlett and also unrelated to the later methamphetamine charges brought against Crutchfield. Further, Crutchfield approached Bartlett and testified at Bartlett's request, after conferring with Bartlett's attorney. His testimony was not instigated by the state, nor was it given at the request of the state. At no time did Crutchfield object to giving his testimony; nor did he attempt to invoke the privilege against self-incrimination; nor did he ask to be informed about the right to refuse to testify on that ground; nor did he seek to confer with his own counsel. The trial court ruled that, considering the totality of the circumstances, Crutchfield was never improperly compelled to testify; thus, Crutchfield's testimony in the Bartlett trial was admissible in the later proceeding against Crutchfield. We find no clear error in this ruling.

"A voluntary confession of guilt, not improperly induced, is always admissible against the party who makes it; and the general rule on this subject is not changed by the fact that the confession

---

[3] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

happens to be made under oath[,] while the party is being examined as a witness in another trial."[4] This rule has been applied to prior in-court testimony,[5] deposition testimony,[6] and grand jury testimony,[7] where the defendant testified as a witness voluntarily and without claiming or attempting to claim the privilege against self-incrimination.[8] Thus, Crutchfield's prior testimony was admissible in the later proceeding against him. The fact that Crutchfield was incarcerated on an unrelated traffic offense when he gave the incriminating testimony does not alter the result.

Crutchfield argues on appeal that the trial court erred in admitting his prior testimony in the Bartlett trial without first holding a *Jackson-Denno* hearing to determine that the statement was given voluntarily. This argument fails for two reasons. First, the trial court held a hearing on Crutchfield's motion to suppress, and the trial court's order specifically refers to its review of the transcript of his testimony in the Bartlett trial. The trial court's ruling that Crutchfield's prior testimony was given voluntarily was not clearly erroneous.[9] Moreover, a *Jackson-Denno* hearing "is only required where the statements sought to be introduced were made by a defendant in custody. . . . A person is 'in custody' if a reasonable person in the detainee's position would have thought the detention would not be temporary."[10] Although Crutchfield was incarcerated on other charges when he gave the challenged testimony in open court at Bartlett's trial, his detention as a witness on the stand was one that a reasonable person in his position would have understood to be temporary.[11] Thus, Crutchfield was not "in custody" and no *Jackson-Denno* hearing was required.

Crutchfield argues that his testimony should be excluded because he was represented by court-appointed counsel who was not

---

[4] (Citation and punctuation omitted.) *Sheppard v. State*, 68 Ga. App. 127-128 (22 SE2d 347) (1942).

[5] See *Dawson v. State*, 153 Ga. App. 130 (265 SE2d 74) (1980) (admission of defendant's incriminating in-court testimony made during trial of another was not error); *Sheppard*, supra at 128 (defendant's prior testimony in his brother's trial held admissible).

[6] See *Jardine v. Jardine*, 236 Ga. 323 (3) (223 SE2d 668) (1976) (wife's deposition testimony as to her drug use was admissible in later hearing for modification of child custody).

[7] See *State v. Butler*, 177 Ga. App. 594, 595 (340 SE2d 214) (1986) (defendant's testimony before grand jury was admissible in defendant's later trial).

[8] See *Butler*, supra; *Jardine*, supra; *Sheppard*, supra.

[9] See *Folson v. State*, 278 Ga. 690, 692 (2) (606 SE2d 262) (2004) ("In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal") (citation omitted).

[10] (Citations omitted.) *Knapp v. State*, 229 Ga. App. 175, 178 (4) (493 SE2d 583) (1997).

[11] Id. See also *Sheppard*, supra.

notified before Crutchfield testified in the Bartlett trial. We disagree. His counsel had been appointed to represent him in another matter. "The Sixth Amendment right to counsel is *offense-specific.* . . . [I]t does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings."[12] Crutchfield had no Sixth Amendment right to counsel as to the methamphetamine charges until those charges were initiated against him, that is, after his testimony in the Bartlett trial.

2. Crutchfield argues that Count 3 (possession of methamphetamine) should have merged into Count 1 (distribution of methamphetamine). This enumeration of error is without merit. Under OCGA § 16-1-7,[13] offenses may merge either as a matter of law or as a matter of fact.[14] Crutchfield's possession and distribution charges did not merge as a matter of law because they are separate legal offenses.[15] In order "to determine if the offenses merge as a matter of fact, we review evidence introduced at trial, and if the State used the same evidence . . . to prove that the defendant committed one offense as it used to prove another offense, the two offenses are merged."[16] In the case at bar, the evidence demonstrated that Crutchfield had smoked methamphetamine in the company of McAtee. Later, McAtee went out of the room and returned with a fresh supply of the drug, which she used to prepare a syringe filled with methamphetamine dissolved in liquid; Crutchfield then injected McAtee with the methamphetamine in this syringe. The indictment for the distribution charge clearly stated that the distribution charge was based on Crutchfield's use of "a syringe to inject Angela McAtee with Methamphetamine." The methamphetamine which Crutchfield possessed while smoking constituted a separate amount of methamphetamine not accounted for in the distribution charge. Thus, the evidence supporting the possession charge was distinct from the evidence supporting the distribution charge, and the two offenses did not merge.[17]

---

[12] (Citation omitted; emphasis in original.) *Swain v. State*, 285 Ga. App. 550, 553 (647 SE2d 88) (2007).

[13] OCGA § 16-1-7 (a) ("When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct").

[14] *Bellamy v. State*, 243 Ga. App. 575, 581 (5) (530 SE2d 243) (2000).

[15] See OCGA § 16-13-30 (a) (possession), (b) (distribution).

[16] (Citation omitted.) *Allen v. State*, 281 Ga. App. 294, 296 (4) (635 SE2d 884) (2006).

[17] See *Bellamy*, supra at 576, 581 (5) (conviction for trafficking based on methamphetamine found in bags did not merge with conviction for possession based on methamphetamine found in jars of liquid).

Crutchfield's reliance on *Snoke v. State*[18] is misplaced. In that case, although the indictment charging trafficking alleged that the trafficking offense "involved a quantity of methamphetamine 'separate and distinct from that alleged in [the possession] Count,' "[19] the Court ruled that "[t]he language of the [trafficking] statute, '28 grams or more,' would not allow the prosecutor to divide the amount discovered during the search for the purpose of creating multiple charges."[20] *Snoke* is not analogous to the case at bar.

3. Crutchfield contends that his trial counsel rendered ineffective assistance. In order to prevail on such a claim, Crutchfield must show, first, that counsel's performance was deficient; and second, that counsel's deficient performance prejudiced the defense.[21] In order to show the first component, deficiency, Crutchfield "must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment."[22] In order to show the second component, prejudice, Crutchfield must establish a reasonable probability that the result of the proceeding would have been different, but for counsel's unprofessional errors.[23] "The reviewing court need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order."[24] In reviewing a claim of ineffective assistance of trial counsel, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[25]

In this case, Crutchfield has shown neither that his trial counsel was deficient nor that the outcome of the trial would have been different but for counsel's alleged errors. In determining the question of deficiency, "[t]he reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case."[26] Crutchfield's trial counsel testified at the new trial hearing that he had been a member of the bar in good

---

[18] 237 Ga. App. 686 (516 SE2d 541) (1999).

[19] Id. at 688 (3).

[20] Id. at 689 (3), citing OCGA § 16-13-31 (e).

[21] *Vincent v. State*, 276 Ga. App. 415, 416 (2) (623 SE2d 255) (2005).

[22] (Citation omitted.) *Scott v. State*, 281 Ga. App. 106, 112 (4) (635 SE2d 582) (2006).

[23] *Mendoza v. State*, 274 Ga. App. 662, 664 (3) (618 SE2d 712) (2005).

[24] (Citation and punctuation omitted.) *Fitzgerald v. State*, 279 Ga. App. 67, 70 (2) (630 SE2d 598) (2006).

[25] (Citation and punctuation omitted.) *Carey v. State*, 281 Ga. App. 816, 818 (2) (637 SE2d 757) (2006).

[26] (Citation and punctuation omitted.) *Biggs v. State*, 281 Ga. 627, 631 (4) (642 SE2d 74) (2007).

standing for 19 years and that 90 percent of his practice was criminal defense. He had been appointed to represent Crutchfield several months before trial; he met with Crutchfield several times before trial and went over the discovery in the case with him. Counsel filed appropriate motions, including a motion to suppress the testimony Crutchfield gave in Bartlett's trial; raised appropriate defenses; and also advised Crutchfield of the state's plea offer. The trial court found no evidence of any deficiency in the manner in which trial counsel conducted the trial itself. Crutchfield's testimony at the new trial hearing conflicted with that given by his trial counsel; but because the trial court's findings are not clearly erroneous, we accept them.[27]

Crutchfield's reliance on *Muff v. State*[28] is misplaced. In that case, defendant's counsel acknowledged at the sentencing hearing that he had failed to advise his client that he would face a life sentence if convicted.[29] In the case at bar, however, Crutchfield's counsel testified at the new trial hearing that he did inform Crutchfield of the state's offer to allow him to plead; and this testimony was found as fact by the court below. *Muff* is not apposite to the case at bar.

Crutchfield has also failed to show prejudice. He has presented no evidence that the outcome would have been different had his trial counsel made other decisions, nor did he testify that he would have accepted a plea offer from the state had he known of it. Where the defendant fails to show that he would have accepted a plea offer had one been made, the defendant has failed to satisfy the requirement that he show that counsel's deficiency, if any, affected the result.[30]

This enumeration of error also fails.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 10, 2008.

*L. Elizabeth Lane*, for appellant.

*Kelly R. Burke, District Attorney, George H. Hartwig III, Joshua D. Morrison, Assistant District Attorneys*, for appellee.

---

27  *Carey*, supra.
28  210 Ga. App. 309 (436 SE2d 47) (1993).
29  Id. at 310 (2).
30  See *Avans v. State*, 251 Ga. App. 575, 576 (554 SE2d 766) (2001).