## A09A0615. RICE v. THE STATE.
(678 SE2d 339)

SMITH, Presiding Judge.

Kimberly Rice appeals from her conviction for driving under the influence of drugs under OCGA § 40-6-391 (a) (2) (less safe). We affirm because we find no merit in her claim that insufficient evidence supports her conviction.

Viewed in the light most favorable to the verdict, the record shows that an off-duty police officer noticed that Rice was "very unsteady on her feet" and stumbling while walking into a restaurant. Rice "appeared to be lost" and had "a lot of trouble" getting a drink from a fountain in the restaurant. It took her several minutes to get her drink into her cup. The officer believed "she had a very serious medical problem or she was under the influence of something." When Rice left in a white Lincoln, the police officer called another nearby on-duty officer, Officer DeFoor, and gave him a description of her vehicle and her behavior.

When Officer DeFoor received the call, he was very close and saw the Lincoln "swerving through the lanes, from one lane to the other." Officer DeFoor stopped the Lincoln on the on-ramp to I-75 and approached the driver, Rice. She was very nervous, and her speech was slurred. She denied drinking alcohol and initially refused to step out of her car. Another officer, Atkinson, arrived on the scene and saw Rice get out of the car. He described her as "a woman who was very unsteady on her feet, had very unnatural body twitches, shoulder and head movements, eye movements, arm movements, jerking."

After an alco-sensor test of Rice's breath registered negative for alcohol, Officer Atkinson administered several field sobriety tests. During the ABC test, Rice missed a few letters and slurred her speech slightly. In the finger dexterity test, Rice skipped fingers and did not do them in the proper order. During the one-leg stand test, Rice was "very unsteady on her feet" and "kept leaning back on the trunk of the car." Rice passed only the finger-to-nose test. The officer did not administer the horizontal gaze nystagmus test because it is normally used for people under the influence of alcohol and her eyes were "pinpointed to the point where there was no tracking her eyes." Officer Atkinson testified that pinpointed eyes indicate that someone is "under the influence of some type of narcotic, usually

methamphetamine." Both Officer Atkinson and Officer DeFoor testified that in their opinion, Rice was a less safe driver.

The officers placed Rice under arrest, read the implied consent warning to her, and requested a blood test, which Rice refused. During an inventory search of Rice's Lincoln, the officers found a loaded gun underneath the driver's seat, a white powdered substance on the driver's seat that looked like methamphetamine, a small bag of marijuana, bags of methamphetamine, and three sets of digital scales.

We find this evidence sufficient to support Rice's driving under the influence of drugs conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *McGhee v. State*, 223 Ga. App. 123, 124 (476 SE2d 853) (1996) (affirming driving under the influence of cocaine conviction based upon similar evidence). Rice was unsteady on her feet, she slurred her speech, she weaved between lanes while driving, she did not pass several field sobriety tests, she refused to submit to a test of her blood for drugs, methamphetamine and marijuana were found in her car, and the officers testified that she was a less safe driver.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED MAY 5, 2009.

*Jennifer B. Ventry, Timothy L. Kimble*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.