A09A1478. RICHARDSON v. THE STATE.
(682 SE2d 684)

ELLINGTON, Judge.

Following a bench trial, the State Court of Gwinnett County convicted Ashri Richardson of driving under the influence of drugs to the extent it was less safe to drive (DUI — less safe), OCGA § 40-6-391 (a) (2); failure to yield, OCGA § 40-6-71; and failure to obtain a Georgia driver's license, OCGA § 40-5-20. Richardson appeals, contending that the evidence was insufficient to support the DUI conviction and that the court erred in failing to conduct a hearing on whether his statement to the arresting officer was voluntary. Finding no error, we affirm.

1. Richardson contends that the State failed to prove that he was under the influence of marijuana at the time he was stopped and that the marijuana affected his driving, because the State did not show that samples of his blood or urine had been tested by an expert and that there was, in fact, evidence of marijuana in his system. This contention lacks merit for the following reasons.

First, the cases cited by Richardson in support of his argument are inapposite as they involved challenges to convictions for the possession of marijuana. In this case, the State did not charge Richardson with possession of marijuana. In fact, the State did not even charge Richardson with driving under the influence of marijuana. Instead, it charged him with driving under the influence of

---

"drugs" to the extent it was less safe to drive. Richardson has cited to no authority, and we are aware of none, that requires the State to present the results from scientific testing of a driver's blood or urine[1] in order to prove the *specific* type of drug allegedly ingested by the defendant so that the State may obtain a conviction for DUI — less safe under OCGA § 40-6-391 (a) (2).[2]

Second, when the officer approached Richardson's car immediately after stopping him for failing to yield,[3] the officer smelled an odor of marijuana emanating from the vehicle. The officer asked Richardson if he had smoked marijuana, and Richardson responded that he had smoked marijuana earlier in the day and that he smoked marijuana on a regular basis.[4] According to the officer, who had specialized DUI training, training in recognizing when someone is under the influence of something other than alcohol, and drug recognition training, Richardson's eyes were watery and bloodshot and he mumbled as he spoke. After the officer asked Richardson to step out of the car, he administered several field sobriety tests, some of which Richardson had difficulty performing. Although Richardson did not exhibit horizontal gaze nystagmus (HGN), the officer testified that cannabis (marijuana) impairment does not cause nystagmus. The officer asked Richardson to pull down his eyelids and show the underlying tissue, which is normally pink. According to the officer, Richardson's eyelid tissue was "almost blood red," which he testified was a general indicator that a person had recently smoked marijuana. The officer testified that he did not smell an odor of alcohol coming from Richardson, but performed an alco-sensor test on Richardson anyway to confirm that alcohol ingestion was not responsible for his impairment. The results of the test were negative for alcohol. The officer testified that, based upon years of experience observing people who are under the influence of marijuana and all of his observations in this case, it was his opinion that Richardson was under the influence of marijuana to the extent that he was a less safe driver. Based upon this conclusion, the officer placed Richardson

---

[1] According to the trial transcript, after Richardson was arrested and transported to the Gwinnett County jail, the officer asked Richardson for a urine sample for drug testing. According to the officer, Richardson said he tried to provide a sample but was unable to do so.

[2] See *Gantt v. State*, 263 Ga. App. 102, 106 (587 SE2d 255) (2003) (After noting that "the essence of the [DUI – less safe] statute is that [the defendant] was a less safe driver because she was under the influence of drugs[,]" the Court held that the State is not required to charge the defendant with ingestion of a specific type of drug. The Court added that the defendant "was in the best position to know which drug or drugs she had ingested," and therefore was not prejudiced by the State's failure to specify a drug in the accusation.) (citation omitted).

[3] The officer stopped Richardson after he turned left in front of oncoming cars and almost caused a collision. Richardson does not challenge the legality of the traffic stop on appeal.

[4] See Division 2, infra, regarding the admissibility of this statement.

under arrest for DUI — less safe under OCGA § 40-6-391 (a) (2).

We find that, under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979), this evidence was sufficient to support Richardson's conviction for driving under the influence of drugs to the extent that it was less safe to drive. See *Rice v. State*, 297 Ga. App. 684, 685 (678 SE2d 339) (2009) (affirming conviction for DUI — less safe based upon evidence that the driver was unsteady on her feet, slurred her speech, weaved between lanes while driving, failed field sobriety tests, and refused to submit to a blood test for drugs, and because methamphetamine and marijuana were found in her car).

2. Richardson argues that the trial court erred in failing to conduct a *Jackson-Denno*[5] hearing on whether he voluntarily and knowingly made his statement regarding his recent use of marijuana. However, "a *Jackson-Denno* hearing is only required where the statements sought to be introduced were made by a defendant in custody. A person is 'in custody' if a reasonable person in the detainee's position would have thought the detention would not be temporary." (Punctuation and footnote omitted.) *Crutchfield v. State*, 291 Ga. App. 24, 26 (1) (660 SE2d 878) (2008). This Court has specifically held that "roadside questioning during the investigation of a routine traffic incident generally does not constitute a custodial situation." (Footnote omitted.) *Razor v. State*, 259 Ga. App. 196, 198 (3) (576 SE2d 604) (2003).

The evidence in this case showed that Richardson made the statement at issue within moments after the officer stopped his car and before the officer asked him to step out of the car or did anything else that might indicate that the detention would not be temporary. This evidence supports a finding that Richardson was not in custody at the time he made the statement at issue. See *Amin v. State*, 283 Ga. App. 830, 831 (643 SE2d 4) (2007) (finding that a defendant was not in custody when he made the challenged statement, even though an officer had taken his driver's license and told him that he could not answer a cell phone call).[6]

Because Richardson has failed to cite to any evidence that would support a conclusion that he did not make the statement voluntarily or that he was in custody at the time he made the statement, he has

---

[5] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[6] See also *Razor v. State*, 259 Ga. App. at 198 (3) (finding that defendant was not in custody at the time he admitted to drinking two beers, even though the officer had already taken the defendant's identification and insurance cards); *Morrissette v. State*, 229 Ga. App. 420, 422 (1) (a) (494 SE2d 8) (1997) (finding that the defendant was not in custody for *Miranda* purposes, even though he had to wait in the back seat of a patrol car for five minutes, the officer had his driver's license, and the defendant had no way to leave the scene and, in fact, was obligated to stay at the scene of the accident for other reasons).

failed to show that the court erred in failing to conduct a *Jackson-Denno* hearing or that he was prejudiced thereby. *Crutchfield v. State*, 291 Ga. App. at 26 (1).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 24, 2009.

*Benjamin A. Davis, Jr.*, for appellant.

*Rosanna M. Szabo, Solicitor-General, Karen M. Seeley, Assistant Solicitor-General*, for appellee.